F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

OSCAR GARCIA; DELIA E.
SOSA-GARCIA; LOIDY EUNICE
GARCIA; MARLYN K. GARCIA;
ANNELLIE IXMUCANE GARCIA;
HENDRICK ARODY GARCIA;
JHOSSELIN MADAI GARCIA,

   Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

   Respondent.

No. 96-9523
(Nos. A70-792-565; A70-792-566;
A70-792-567; A70-792-568;
A70-792-569; and A70-792-570)
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal arises from the Board of Immigration Appeals' (BIA) denial of petitioners' requests for asylum or withholding of deportation.[1] The BIA affirmed the Immigration Judge's (IJ) finding that petitioners' claims were not credible. Additionally, the BIA found that petitioners were not refugees and, therefore, not eligible for asylum, because they had not established a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Accordingly, the BIA denied relief. We affirm.

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases. However, because petitioners' deportation proceedings commenced before April 1, 1997, and the final decision of the INS issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case. See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252. In contrast, provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, may apply to INS cases commenced, like this one, before AEDPA's enactment on April 24, 1996, see Fernandez v. INS, Nos. 95-9550, 96-9504, 1997 WL 240965 (10th Cir. May 12, 1997), though none of these appear pertinent to this petition for review, which does not involve deportation for criminal activity addressed by AEDPA.

-2-

Petitioners Oscar Garcia and Delia Sosa-Garcia, and their five children, are citizens and natives of Guatemala. They entered the United States on non-immigrant visas and applied for asylum after the visas expired. Their application was denied and, when deportation proceedings began, they requested asylum and withholding of deportation. In Guatemala, Mr. Garcia had several professions, including teacher and radio journalist, in which he publicly spoke out against drugs. He claims that, as a result of his high-profile public opposition to drugs, he began to receive threats and received no help from local authorities. He testified before the IJ regarding a car accident which he claims was an assassination attempt by a drug gang. He testified that a car carrying three people rammed him head-on, rendering him unconscious for several days. His wife stated that she arrived at the scene in time to see the other car being towed, but the police report reflected that Mr. Garcia collided with a "phantom car." The threats against him and his family continued.

The IJ found petitioners' claim incredible. He cited inconsistencies between Mr. Garcia's testimony and his interview at his initial application for asylum. As indicated in the notice of intent to deny asylum, Mr. Garcia originally told the asylum officer that he did not believe the car accident was premeditated, but that he feared retaliation by the drug gang in an attempt to stop him from implicating the gangsters in the accident. In addition, the IJ found the whole

-3-

assassination theory implausible. The BIA agreed with the IJ's adverse credibility determination, and the record contains substantial evidence to support the BIA's conclusion, see Refahiyat v. INS, 29 F.3d 553, 556 (10th Cir. 1994).

In addition, the BIA affirmed the IJ's alternative determination that petitioners were not refugees within the meaning of § 1101(a)(42)(A). The BIA found that, even accepting petitioners' testimony as credible, they had not established a well-founded fear of persecution under the statute. A person might denounce drug use for a variety of reasons, the most obvious of which is the adverse health consequences. Cf. INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992). Petitioners have not shown that their fear of retaliation by drug gangs for Mr. Garcia's public opposition to drugs is on account of his political opinion. See id. (holding that record failed to show political motive by petitioner); Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir. 1993) (holding that possible persecution by a revolutionary group was the result of petitioner's refusal to smuggle drugs, and not because of his political opinions).

Because petitioners cannot satisfy the burden of proof to establish statutory eligibility for asylum, neither can they meet the heightened burden to succeed on

their claim for withholding of deportation.  See Castaneda v. INS, 23 F.3d 1576,

1578 (10th Cir. 1994).  The petition for review is DENIED.

Entered for the Court

James K. Logan
Circuit Judge
