**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN F. FERNANDEZ,

      Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE,

      Respondent.

-------------------------------------------------------

AMERICAN CIVIL LIBERTIES UNION,

      Amicus Curiae.

No. 95-9550

ANTHONY O. OLADIPO, also known as
Tony Oladipo,

      Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE,

      Respondent.

-------------------------------------------------------

AMERICAN CIVIL LIBERTIES UNION,

      Amicus Curiae.

No. 96-9504

PETITIONS FOR REVIEW OF ORDERS
OF THE BOARD OF IMMIGRATION APPEALS
(INS Nos. A22 297 937, A26 637 899)

Kenneth H. Stern, Stern & Elkind, Denver, Colorado, for Petitioners (Lisa R. Green, John D. Griffin, and Emily J. Curray, Stern & Elkin, with him on the brief).[*]

Quynh Vu, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent (David M. McConnell, Assistant Director, Office of Immigration Litigation; William J. Howard, Senior Litigation Counsel, Office of Immigration Litigation; and Kristen A. Giuffreda, Office of Immigration Litigation, with her on the briefs).

Lucas Guttentag, American Civil Liberties Union Foundation, Immigrants' Rights Project, San Francisco, Amicus Curiae (Lee Gelernt and Laura L. Ho, American Civil Liberties Union Foundation, Immigrants' Rights Project, with him on the brief).

---

Before SEYMOUR, Chief Judge, and HENRY and BRISCOE, Circuit Judges.

HENRY, Circuit Judge.

---

Because these cases present identical jurisdictional questions, they were joined for briefing and oral argument, and we issue this opinion in both cases. The petitioners seek review of final orders of deportation entered against them. We dismiss their petitions for review for lack of jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, deprives us of jurisdiction over the petitions for review, even though they were filed before AEDPA's enactment.

---

[*] Mr. Stern did not argue for the petitioners during oral argument. Prior to oral argument, the court granted a motion for amicus to argue on the petitioners' behalf.

# I. DISCUSSION

## A. Retroactivity

AEDPA section 440(a) states that final orders of deportation entered against aliens who are deportable for specified criminal offenses "shall not be subject to review by any court."[1] AEDPA § 440(a), 110 Stat. 1276-77 (amending Immigration and Nationality Act § 106, 8 U.S.C. § 1105a(a)(10) (1994)).[2] The petitioners in these cases were found deportable for offenses specified in section 440(a). They argue that section 440(a) does not apply to their cases because their petitions for review were filed before AEDPA's enactment on April 24, 1996. We disagree with the petitioners' argument, based on the Supreme Court's decision in Landgraf v. USI Film Products, 511 U.S. 244 (1994).

Because Congress has not "expressly prescribed the . . . proper reach" of section 440(a), id. at 280, we cannot simply read the statute to determine whether it applies to petitions pending on the date of its enactment. Rather, we must resort to "judicial default rules," id., under which there is a presumption against retroactive application of a statute that "would impair rights a party possessed when he acted, increase a party's liability for

---

[1]    As a preliminary matter, we should note that the Constitution permits Congress to eliminate this court's jurisdiction over petitions for review. See Lauf v. E.G. Shinner & Co., 303 U.S. 323, 330 (1938) ("There can be no question of the power of Congress . . . to define and limit the jurisdiction of the inferior courts of the United States.").

[2]    8 U.S.C. § 1105a(a) was subsequently repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, enacted by Congress in September 1996. Provisions relating to judicial review of immigration orders filed after enactment of IIRIRA now appear at 8 U.S.C. § 1252, as amended by IIRIRA.

past conduct, or impose new duties with respect to transactions already completed." Id.; see also id. at 265, 269.

However, the presumption against retroactivity does not apply to a jurisdictional statute such as section 440(a), which "takes away no substantive right but simply changes the tribunal that is to hear the case." Id. at 274 (quoting Hallowell v. Commons, 239 U.S. 506, 508 (1916)). Section 440(a) does not alter the petitioners' underlying defenses to deportation or claims for relief; it merely changes the locus of their final appeal — from an Article III court to the Board of Immigration Appeals ("BIA").

Thus, applying section 440(a) to these cases would not retroactively divest the petitioners of claims or defenses. Rather, section 440(a) would operate prospectively to prevent this court from exercising jurisdiction over the petitions for review. As Justice Scalia has observed:

> [o]ur jurisdiction cases are explained, I think, by the fact that the purpose of provisions conferring or eliminating jurisdiction is to permit or forbid the exercise of judicial power — so that the relevant event for retroactivity purposes is the moment at which that power is sought to be exercised. Thus, applying a jurisdiction-eliminating statute to undo past judicial action would be applying it retroactively; but applying it to prevent any judicial action after the statute takes effect is applying it prospectively.

Id. at 293 (Scalia, J., concurring).

Even if section 440(a) were retroactive, and the presumption against retroactivity did apply, there is strong evidence that Congress intended section 440(a) to govern petitions filed before AEDPA's enactment. First, the legislative history indicates that Congress sought to eliminate judicial review, and expedite deportation, for all criminal

aliens, regardless of when (or whether) a petition for review had been filed. See, e.g., S. Rep. No. 104-48, at 2 (1995) (bemoaning the presence of at least "450,000 criminal aliens in the United States who are currently incarcerated or under some form of criminal justice supervision"). Second, Congress did not explicitly limit section 440(a) to prospective application, as it did other sections of AEDPA. See, e.g., AEDPA § 440(f), 110 Stat. 1278 (AEDPA section 440(e) "shall apply to convictions entered on or after the date of the enactment of this Act."). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Brown v. Gardner, ___ U.S. ___, 115 S. Ct. 552, 556 (1994) (quoting Russello v. United States, 464 U.S. 16, 23 (1984)). Thus, clear congressional intent rebuts any presumption against retroactivity that might apply. See Landsgraf, 511 U.S. at 280 ("If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.").

Eight courts of appeal have applied section 440(a) to petitions for review pending on the date of AEDPA's enactment. See Kolster v. INS, 101 F.3d 785, 787-90 (1st Cir. 1996); Hincapie-Nieto v. INS, 92 F.3d 27, 29-30 (2d Cir. 1996); Salazar-Haro v. INS, 95 F.3d 309, 310-11 (3d Cir. 1996); Mendez-Rosas v. INS, 87 F.3d 672, 674-76 (5th Cir. 1996), cert. denied, 117 S. Ct. 694 (1997); Figueroa-Rubio v. INS, 108 F.3d 110, 112 (6th Cir. 1997); Arevalo-Lopez v. INS, 104 F.3d 100, 101 (7th Cir. 1997); Duldulao v. INS, 90 F.3d 396, 398-400 (9th Cir. 1996); Boston-Bollers v. INS, 106 F.3d 352, 354-55 (11th

5

Cir. 1997) (per curiam).  Only the Seventh Circuit has recognized a limited exception to applying section 440(a) to such petitions — in cases where an alien conceded deportability before AEDPA's enactment, despite having a colorable defense thereto.  See Reyes-Hernandez v. INS, 89 F.3d 490, 492-93 (7th Cir. 1996); see also Yang v. INS, __ F.3d __, Nos. 94-3071, 96-2044, 95-3665, 96-1824, 1997 WL 120230, at *4-*5 (7th Cir. Mar. 18, 1997).  The Seventh Circuit reasoned that the alien might not have conceded deportability had he known that AEDPA would be enacted, causing his concession to operate as a bar to judicial review under section 440(a).  See Reyes-Hernandez v. INS, 89 F.3d at 492-93.  The petitioners do not claim to fit within this narrow exception to section 440(a)'s application to petitions filed before its enactment; thus, we express no view on whether we would follow the Seventh Circuit in recognizing it.

The petitioners argue that section 440(a) should not be applied to petitions pending at the time of its enactment, because it would eliminate judicial review and vest final authority in an administrative agency.  The First and Second Circuits have rejected this very argument  See 101 F.3d at 788; 92 F.3d at 29.  We concur with our sister circuits and reject the argument as well.[3]

_____

[3]    We also disagree with the premise of the petitioners' argument.  Section 440(a) does not necessarily eliminate judicial review and vest final authority in an administrative agency.  As noted below in Part II.C, even by applying section 440(a) to the petitions pending on the date of AEDPA's enactment, this opinion has not foreclosed the possibility that BIA decisions may still be subject to habeas review under 28 U.S.C. § 2241 by the Supreme Court, an individual justice or circuit judge, or the district courts. The analysis below also leaves open the possibility that review remains available for "substantial" constitutional errors.

6

The First and Second Circuits relied on the Supreme Court's decision in <u>Hallowell v. Commons</u>, 239 U.S. 506 (1915). <u>See</u> 101 F.3d at 788; 92 F.3d at 29. In <u>Hallowell</u>, the Court applied a statute, passed while the case was pending, that transferred jurisdiction from the federal courts to the Secretary of the Interior. 239 U.S. at 508. Based on <u>Hallowell</u>, the First and Second Circuits concluded that section 440(a)'s shift of authority from Article III courts to an administrative decisionmaker was immaterial to whether the statute applies to petitions pending on the date of its enactment. <u>See</u> 101 F.3d at 788; 92 F.3d at 29.

The petitioners attempt to distinguish <u>Hallowell</u> on grounds not addressed by the First and Second Circuits. Specifically, the petitioners note that, unlike section 440(a), the statute in <u>Hallowell</u>: (1) vested final authority in an administrative entity that was not a party to the dispute, and (2) concerned rights that were historically not subject to judicial review. <u>See</u> 239 U.S. at 508. We do not believe these characteristics of <u>Hallowell</u> were essential to its outcome, nor were they even mentioned in <u>Landgraf</u>, the Supreme Court's latest and most comprehensive statement on retroactivity. Rather, both <u>Hallowell</u> and <u>Landgraf</u> suggest that courts must apply to pending cases a new jurisdictional rule that "simply changes the tribunal that is to hear the case," <u>Landgraf</u>, 511 U.S. at 274 (quoting <u>Hallowell</u>, 239 U.S. at 508), regardless of whether the tribunal that now hears the case is a court or administrative entity. Thus, we will follow the Supreme Court's consistent practice of applying a jurisdictional statute to cases pending when the statute was enacted. <u>See</u> <u>Landsgraff</u>, 511 U.S. at 274 (citing <u>Bruner v. United</u>

States, 343 U.S. 112, 116-17 (1952)).

## B. Habeas

The petitioners argue that section 440(a) does not eliminate habeas jurisdiction over their claims under 28 U.S.C. § 2241. We decline to consider this argument. We have before us petitions for review under 8 U.S.C. § 1105a(a), not petitions for habeas corpus under section 2241. The petitioners may not, midway through this appeal, change the statutory basis for their petition and create an entirely different case. Cf. United States v. Charest, 602 F.2d 1015, 1018 (1st Cir. 1979) ("The government cannot now change the focus of the case from the validity of the search warrant to a seizure incident to an arrest. This . . . would, in fact, [create] an entirely different case."). The petitioners have always had — indeed, they still have — the opportunity to file petitions for habeas corpus. They can take advantage of this opportunity if they wish to test their theory that habeas jurisdiction over their claims exists under section 2241.

## C. Constitutional Issues

The petitioners argue that, if habeas review is precluded, section 440(a) violates the Constitution's Suspension Clause, U.S. Const. art. I, § 9, cl. 2. The petitioners further argue that, if section 440(a) bars judicial review of their deportation orders, it violates the Fifth Amendment's Due Process Clause and the separation of powers doctrine embodied in Article III.

8

It is unnecessary for us to consider these arguments because the foregoing analysis leaves open the possibility that habeas jurisdiction exists under section 2241. We note that at least six district court opinions — including two opinions by different judges in the Southern District of New York — have stated that AEDPA has not repealed section 2241 as it applies to aliens held in custody pursuant to an order of deportation. See Yesil v. Reno, __ F. Supp. __, No. 96 Civ. 8409(DC), 1997 WL 86391, at *9-*11 (S.D.N.Y. Feb. 27, 1997) (Chin, J.); Eltayeb v. Ingham, 950 F. Supp. 95, 98-99 (S.D.N.Y. 1997) (Sand, J.); Veliz v. Caplinger, No. Civ. A. 96-1508, 1997 WL 61456, at *2 (E.D. La. Feb. 12, 1997); Powell v. Jennifer, 937 F. Supp. 1245, 1252-53 (E.D. Mich. 1996); Dunkley v. Perryman, No. 96 C-3570, 1996 WL 464191, at *2-*3 (N.D. Ill. Aug. 9, 1996); Mbiya v. INS, 930 F. Supp. 609, 612 (N.D. Ga. 1996). We also note that the government concedes that section 440(a) preserves judicial review for "substantial" constitutional errors. See, e.g., Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1439 (7th Cir. 1996) (Jurisdiction-precluding statutes "do not, unless Congress expressly provides, close the door to constitutional claims, provided that the claim is colorable . . . ."). We express no opinion on these matters, but simply observe that they are left undecided by today's opinion.

## II. CONCLUSION

Accordingly, because section 440(a) applies to petitions for review pending on the date of AEDPA's enactment, we dismiss the petitioners' claims for lack of jurisdiction. We note Judge Kozinski's powerful autobiographical observation in an asylum case about

9

"the importance of independent judicial review in an area where administrative decisions can mean the difference between freedom and oppression and, quite possibly, life and death." Rodriguez-Roman v. INS, 98 F.3d 416, 432 (9th Cir. 1996) (Kozinski, J., concurring). Hopefully, careful review by the BIA, coupled with whatever habeas review or review for substantial constitutional errors may be available, will meet the moral and historical requirements for which our country is known.