UNITED STATES COURT OF APPEALS
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J. Fisher, Jr.                                                                    Elisabeth A. Shumaker
Clerk                                                                                      Chief Deputy Clerk

July 30, 1997

**TO:**   All recipients of the captioned opinion

**RE:**   97-9502, Berehe v. INS
          June 3, 1997

Please be advised of the following correction to the captioned decision:

In the first full paragraph on page three, the text now states:

"Although most of its provisions apply only to proceedings commenced on or after April 1, 1997, it also adopted transitional rules which apply to cases in which the deportation  proceedings are pending at the time IIRIRA was enacted (September 30, 1996), but the final deportation order is entered more than thirty days after its enactment.  See IIRIRA § 309(c)(4).  The transitional rules state in relevant part that, "there shall be no appeal permitted in the case of an alien who is inadmissable or deportable by reason of having committed a criminal offense covered in" the enumerated sections, including firearm offenses.  IIRIRA § 309(c)(4)(G).  Because Berehe's deportation proceedings were pending on September 30, 1996 and the final order of deportation was entered after October 30, 1996, the transitional rules apply to Berehe, and preclude him from filing  a petition for review."

These sentences should be revised to read:

"Although most of its provisions apply only to proceedings commenced on or after April 1, 1997, it also adopted transitional rules which apply in the case of an

alien who is in exclusion or deportation proceedings before IIRIRA's effective date, April 1, 1997, but the final order of exclusion or deportation is entered more than thirty days after IIRIRA's September 30, 1996 date of enactment.  <u>See</u> IIRIRA § 309(c)(4).  The transitional rules state in relevant part that, "there shall be no appeal permitted in the case of an alien who is inadmissable or deportable by reason of having committed a criminal offense covered in" the enumerated sections, including firearm offenses.  IIRIRA § 309(c)(4)(G).  Because Berehe's deportation proceedings commenced before April 1, 1997, and the final order of deportation was entered after October  30, 1996, the transitional rules apply to Berehe, and preclude him from filing  a petition for review."

Please make the indicated revisions.  A corrected version is attached for your convenience.  Thank you.

Very truly yours,
Patrick Fisher, Clerk


Susie Tidwell
Deputy Clerk


encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

NEGUSE BEREHE,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 97-9502

---

ORDER

---

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

The Immigration and Naturalization Service (INS) moves to dismiss the

petition for review of a decision of the Board of Immigration Appeals filed by

petitioner Neguse Berehe, contending the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and the

Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA),

Division C of Pub. L. No. 104-208, 110 Stat. 3009, divest this court of

jurisdiction over petitioner's petition. We agree.

Berehe is a citizen of Ethiopia who entered the United States as a refugee in 1981. In 1989, he pled guilty to assault in the first degree in violation of Colo. Rev. Stat. § 18-3-202, which is a crime of violence with a deadly weapon under Colo. Rev. Stat. § 16-11-309. In 1995, the INS charged Berehe as deportable under 8 U.S.C. § 1251(a)(2)(C) (redesignated as 8 U.S.C. § 1227(a)(2)(c) (Apr. 1, 1997)), under which an alien convicted of certain firearm offenses is deportable. Berehe challenged his deportability, and sought discretionary relief under 8 U.S.C. § 1182(c), which was denied by the immigration judge (IJ). Berehe appealed to the Board of Immigration Appeals (BIA). He challenged the characterization of his conviction as a firearms offense and the IJ's finding that he was not eligible for discretionary relief under 8 U.S.C. § 1182(c). The BIA affirmed the IJ's decision on January 15, 1997. Berehe filed a petition for review with this court on February 3, 1997.

The INS filed a motion to dismiss the petition for review for lack of jurisdiction, contending AEDPA § 440(a) and IIRIRA § 309(c)(4)(G) divest this court of jurisdiction over Berehe's petition for review. AEDPA § 440(a) amended 8 U.S.C. § 1105a(a)(10)[1] to state that "[a]ny final order of deportation against an alien who is deportable by reason of having committed" certain specified criminal

---

[1]     8 U.S.C. § 1105a(a) was subsequently repealed by IIRIRA. Provisions relating to judicial review of immigration orders filed after enactment of IIRIRA now appear at 8 U.S.C. § 1252, as amended by IIRIRA.

offenses, including certain firearm offenses, "shall not be subject to review by any court." We recently held that AEDPA § 440(a) applies to petitions for review pending on or after the date of AEDPA's enactment. Fernandez v. INS, Nos. 95-9550 and 96-9504, 1997 WL 240965 (10th Cir. May 12, 1997). Therefore, it applies to Berehe's petition for review, filed in February 1997.

IIRIRA was enacted on September 30, 1996. Although most of its provisions apply only to proceedings commenced on or after April 1, 1997, it also adopted transitional rules which apply in the case of an alien who is in exclusion or deportation proceedings before IIRIRA's effective date, April 1, 1997, but the final order of exclusion or deportation is entered more than thirty days after IIRIRA's September 30, 1996 date of enactment. See IIRIRA § 309(c)(4). The transitional rules state in relevant part that, "there shall be no appeal permitted in the case of an alien who is inadmissable or deportable by reason of having committed a criminal offense covered in" the enumerated sections, including firearm offenses. IIRIRA § 309(c)(4)(G). Because Berehe's deportation proceedings commenced before April 1, 1997, and the final order of deportation was entered after October 30, 1996, the transitional rules apply to Berehe, and preclude him from filing a petition for review.

In addition, AEDPA § 440(d) amends 8 U.S.C. § 1182(c) so that discretionary relief from deportation is no longer available to aliens who are

deportable by reason of having committed the enumerated crimes, including firearm offenses. Similarly, IIRIRA's transitional rules provide that, "there shall be no appeal of any discretionary decision under [8 U.S.C. § 1182(c)]. . ." IIRIRA § 309(c)(4)(E).

Berehe contends that the court retains jurisdiction under AEDPA and IIRIRA to examine whether he is in fact validly deportable for a firearms offense. Berehe contends that if he is not validly deportable for a listed crime, then AEDPA's and IIRIRA's bans on judicial review do not apply. He has argued before the IJ and the BIA that use of a firearm was not an essential element of his conviction for assault with a deadly weapon, and, therefore, that he is not validly deportable for a firearms offense. The BIA ruled that the facts of his indictment demonstrate that he committed the deadly assault with a firearm, and that the INS may look to the indictment and the facts of the crime to make the deportation decision.

The Seventh Circuit has concluded that the language of AEDPA does permit judicial review of the merits, although a conclusion that the alien is deportable under one of the listed crimes brings the proceedings to an end. Yang v. INS, 109 F.3d 1185, 1192 (7th Cir. 1997) ("court may (indeed, must) determine for itself whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute"). The court in Yang noted that AEDPA did

not preclude review if the Attorney General <u>finds</u> an alien is deportable by reason of having committed a listed crime, but instead says review is precluded in the case of an alien <u>who is</u> deportable for such a reason. <u>Id.</u> It reasoned, "[w]hen judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists." <u>Id.</u>

We decline to adopt the <u>Yang</u> holding. We find that the language of AEDPA § 440(a) and IIRIRA § 309(c)(4)(G) does not permit the court to review the merits of whether an alien is validly deportable by reason of having committed one of the enumerated criminal offenses. In particular, IIRIRA's transitional rules, which were not applicable in <u>Yang</u>, clearly and unambiguously state that, "there shall be no appeal permitted" in the case of an alien who is deportable by reason of committing one of the enumerated crimes. IIRIRA § 309(c)(4)(G). No judicial review of the jurisdictional issue is possible where the alien is precluded from filing an appeal.

We are not persuaded that only Article III courts can make the determination that an alien is deportable by reason of having committed one of the enumerated offenses. Berehe argued before the IJ and the BIA that a firearms offense was not an essential element of his conviction; thus, the factual and legal conclusion that he is deportable by reason of having committed one of the enumerated offenses has been made by the IJ and reviewed by the BIA. As we

-5-

explained in <u>Fernandez</u> with respect to AEDPA § 440(a), and as is true with IIRIRA § 309(c)(4)(G), these provisions banning judicial review do "not alter the petitioners' underlying defenses to deportation or claims for relief; [they] merely change[ ] the locus of their final appeal -- from an Article III court to the Board of Immigration Appeals . . . ." 1997 WL 240965, at *1.

The Seventh Circuit's holding is also unpersuasive because it is not consistent with the legislative intent. "[T]he legislative history [of AEDPA] indicates that Congress sought to eliminate judicial review, and expedite deportation, for all criminal aliens, regardless of when (or whether) a petition for review had been filed." <u>Fernandez,</u> 1997 WL 240965, at *2 (citing S. Rep. No. 104-48, at 2 (1995) (bemoaning the presence of at least "450,000 criminal aliens in the United States who are currently incarcerated or under some form of criminal justice supervision")). The legislative history of IIRIRA reflects the same intent. <u>See</u> S. Rep. No. 104-249, at 2 (1996) (the legislation "is intended . . . [to] expedit[e] the removal of excludable and deportable aliens, especially criminal aliens . . .") and <u>id.</u> at 7 ("Aliens who violate U.S. immigration law should be removed from this country as soon as possible."). To permit judicial review into the validity of the INS's determination that an alien is deportable by reason of having committed one of the listed crimes, in the guise of making a determination as to the court's jurisdiction, is to permit review of the

very fact or condition that the statute appears on its face to be precluding from review. We conclude that such review is contrary to Congress's intent to expedite deportation of criminal aliens.

Accordingly, the INS's motion to dismiss is granted and the petition for review is dismissed for lack of subject-matter jurisdiction.