**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BRUNO ROBLES CASTILLEJA,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 97-9511
(Petition for Review)
(No. A91-015-936)

ORDER AND JUDGMENT[*]

Before KELLY, LUCERO, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Bruno Robles Castilleja petitions this court for review of an order entered by the Board of Immigration Appeals (BIA) on March 10, 1997. In that order, the

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BIA dismissed petitioner's appeal from an immigration judge's deportation order, concluding that, because petitioner had been convicted of a controlled substance violation, he was statutorily ineligible for any discretionary relief from the deportation order as a result of changes to the Immigration and Nationality Act (INA) made by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA). Concurrent with his petition for review, petitioner also sought a stay of deportation, contending that the rulings by the immigration judge and BIA violated his due process rights. He argued that application of AEDPA to his case was unconstitutionally retroactive because it disrupted settled expectations to which petitioner had conformed his conduct.

Respondent opposed petitioner's stay motion and cross-moved to dismiss the underlying petition for review for lack of jurisdiction under both AEDPA and the recently enacted Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub.L. No. 104-208, 110 Stat. 3009 (IIRIRA). IIRIRA's transitional rules, applicable here,[1] carry forward AEPDA's jurisdictional bar of deportation orders against aliens convicted of certain crimes,

---

[1] The majority of IIRIRA's provisions apply only to cases where immigration proceedings began on or after April 1, 1997. However, section 309 of IIRIRA contains transitional rules applicable to cases where the final deportation order was entered more than thirty days after IIRIRA's enactment date, September 30, 1996. See Berehe v. INS, 114 F.3d 159, 161 (10th Cir. 1997). Here, the BIA's order was entered on March 10, 1997; therefore, the transitional rules apply.

including the controlled substance violation for which petitioner was convicted. IIRIRA § 309(c)(4)(G). Further, AEPDA § 440(d) and IIRIRA § 309(c)(4)(E) preclude judicial review of any decision denying discretionary relief from deportation under INA § 212(c). See Berehe v. INS, 114 F.3d 159, 161 (10th Cir. 1997). Petitioner's reply contended that these jurisdictional bars contained in AEDPA and IIRIRA are unconstitutional because they deprive petitioner of all judicial review.[2]

We granted petitioner's motion for a stay pending decision on his petition for review, concluding that further briefing would assist the court in determining the jurisdictional issues, and ordering respondent to address petitioner's constitutional challenges. Subsequently this court decided Fernandez v. INS, 113 F.3d 1151 (10th Cir. 1997). Respondent argues that application of AEDPA to petitioner's case was essentially decided in Fernandez, and contends that applying IIRIRA to petitioner's case is not retroactive because his petition for review was filed after IIRIRA's enactment. We agree.

In Fernandez, this court ruled that AEDPA's jurisdictional bar was not unconstitutionally retroactive when applied to petitions for review pending when

---

[2]     Petitioner also has an ongoing habeas proceeding in federal district court, filed pursuant to 28 U.S.C. § 2241. He argued that this proceeding does not demonstrate the availability of a judicial forum because that court has yet to determine whether habeas review is available to petitioner.

AEPDA was enacted. Id. at 1153-54. In light of Fernandez, it is clear that neither AEPDA nor IIRIRA are unconstitutionally retroactive when applied to this case, where both petitioner's application for discretionary relief and his petition for review were filed well after the statutes had been enacted. See also Berehe, 114 F.3d at 161. Petitioner contends that the jurisdictional bar provisions violate due process, because they impermissibly deprive him of any judicial review of his claims. In Fernandez we declined to consider similar claims in light of the possibility that habeas jurisdiction and judicial review for "substantial" constitutional errors may still exist. Id. at 1155. As in Fernandez, petitioner's habeas case is not before this court, id., and the district court has not ruled that habeas relief is not available for petitioner's claims. As in Fernandez, petitioner presents no additional constitutional claims of error.

Accordingly, respondent's motion to dismiss is granted, petitioner's stay of deportation is vacated, and the petition for review is dismissed for lack of subject-matter jurisdiction.

ENTERED FOR THE COURT
PER CURIAM