**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KERRY STUTHRIDGE TERRELL,

    Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

    Respondent.

No. 97-9525

---

**PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS**
(BIA No. A36-185-664)

---

Timothy R. Bakken, Denver, Colorado, for Petitioner.

Laura Smith, Attorney (Stephen W. Funk, Senior Litigation Counsel, with her
on the brief), Office of Immigration Litigation, Civil Division, Department of
Justice, Washington, D.C., for Respondent.

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

I

Section 309 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1409, governs the acquisition of citizenship at birth by children born out of wedlock and outside of the United States. See Miller v. Albright, 118 S. Ct. 1428, 1432 (1998). Aside from certain residency requirements, citizenship under this statute through a citizen mother is established at birth. However, acquiring INA § 309 citizenship through a citizen father requires further affirmative steps, which must be taken before the child reaches eighteen years of age. See id. at 1432, 1435 (quoting INA § 309(a)). Petitioner Kelly Stuthridge Terrell was born in England on June 17, 1974; her mother is a British citizen and her father an American citizen. She and her mother emigrated to the United States when she was two years old and she has lived in this country continuously since that time. At the age of eighteen, Ms. Terrell began efforts to locate her father. Three years later she was successful. Since their initial contact in December of 1995, her father has willingly acknowledged paternity.

On July 10, 1996, deportation proceedings commenced against Ms. Terrell, following her Nevada conviction for transporting cocaine. She sought, and was granted, a change of venue to Colorado, based on the Colorado residency of her husband, mother, and other relatives. See Certified Admin. R. at 154. Before the Immigration and Naturalization Service (INS), Ms. Terrell asserted that she is

-2-

a citizen or national of the United States pursuant to INA § 309, and that certain provisions of that statute are unconstitutional. Alternatively, she sought a waiver of deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c). Following a hearing, the immigration judge concluded that (1) Ms. Terrell did not satisfy the requirements of INA § 309, (2) he lacked jurisdiction to determine her constitutional challenge to that statute, and (3) she was ineligible for discretionary relief under INA § 212(c) because of her drug conviction. See Certified Admin. R. at 32-33. On review the Bureau of Immigration Appeals (BIA) affirmed the immigration judge's decision, noting that discretionary relief under INA § 212(c) was foreclosed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which provides that such relief is unavailable to aliens who are found deportable by reason of having committed certain enumerated criminal offenses. See Certified Admin. R. at 2; Berehe v. INS, 114 F.3d 159, 161 (10th Cir. 1997) (citing AEDPA § 440(d)).

On May 21, 1997, Ms. Terrell filed a petition for review from the BIA's decision, together with a motion for stay of deportation. We granted Ms. Terrell a stay of deportation until such time as we ruled on her petition for review, and ordered briefing on the issues presented, including the impact of the recently-enacted Illegal Immigration Reform and Immigrant Responsibility Act

(IIRIRA) on her claims.[1]  Her opening brief presented two issues:  (1) the constitutionality of INA § 309, and (2) the applicability of IIRIRA's jurisdictional bar to preclude review of final deportation orders and denials of discretionary relief where aliens have committed certain enumerated criminal offenses.

In September of 1997 we abated Ms. Terrell's case pending decision by the Supreme Court on certiorari to the District of Columbia Court of Appeals in Miller v. Christopher, 96 F.3d 1467 (D.C. Cir. 1996), cert. granted sub nom. Miller v. Albright, 117 S. Ct. 1551 (1997).  The Supreme Court's decision was filed on April 22, 1998.  See Miller v. Albright, 118 S. Ct. 1428 (1998).  This court then ordered the parties to file additional briefs in light of the Supreme Court's decision, and the case was presented at oral argument on August 19, 1998.

---

[1]     AEDPA was subsequently amended by provisions of IIRIRA.     See Berehe, 114 F.3d at 161.  Because Ms. Terrell's deportation proceedings began before the effective date of IIRIRA and were still pending in the agency thirty days after that date, her case is governed by the so-called "transitional rules" of IIRIRA.  See id.  The transitional rules essentially mirror the preclusive AEDPA provision on which the BIA relied in denying Ms. Terrell's request for discretionary relief under INA § 212(c).     See id.  Additionally, IIRIRA carries forward AEDPA's prohibition on judicial review of any final deportation orders against such aliens.     See id. at 160-61.

II

Ms. Terrell challenges the constitutionality of INA § 309.  She contends that the statute's additional requirements for establishing citizenship through a citizen father impose unequal treatment of illegitimate children on the basis of gender and thereby violate the Equal Protection Clause of the Constitution.[2] This equal protection claim was presented to the Supreme Court in Miller v. Albright.  See 118 S. Ct. at 1433.  In a plurality opinion, the Court ruled that INA § 309 survived the petitioner's constitutional challenge.  Applying the heightened scrutiny afforded gender bias claims under the Equal Protection Clause, see United States v. Virginia, 518 U.S. 515, 532-33 (1996), Justice Stevens, joined by Chief Justice Rehnquist, concluded that the statute's additional requirements to establish citizenship through a citizen father are justified by strong government interests and are well tailored to serve those interests.  See Miller, 118 S. Ct. at 1440.  Justice O'Connor, joined by Justice Kennedy in a concurring opinion, concluded that the discriminatory impact of the

---

[2]    In her opening brief, Ms. Terrell originally argued that INA § 309 violated her right to equal protection by discrimination on two separate grounds: illegitimacy and gender.  However, her arguments on the illegitimacy ground focused on the difference between the treatment afforded illegitimate children of citizen fathers and that afforded illegitimate children of citizen mothers.  In other words, her arguments on illegitimacy challenged only the gender-based requirements of the statute.  Neither her legal arguments nor the facts presented in this case implicate an equal protection violation on the basis of illegitimacy alone.

additional requirements fell on the petitioner's father, not then a party to the suit.[3] See id. at 1443. She opined that the petitioner could not raise her father's gender bias claim because she had not demonstrated a substantial hindrance to her father's ability to assert his own rights and, therefore, did not satisfy the requirements of third-party standing. See id. Justice O'Connor assumed that the petitioner had standing to challenge the constitutionality of the statute, but concluded that her claim gave rise to review only for rational basis. See id. at 1445. She determined that the statute would survive review under the lower standard. See id. Justice Scalia, joined by Justice Thomas, also concurred, concluding that the petitioner's complaint should be dismissed because the Court had no ability to grant the relief requested: citizenship. See id. at 1449. Justices Breyer and Ginsburg, joined by Justice Souter, authored two dissenting opinions.

Ms. Terrell asserts that, as a plurality decision, Miller provides no guidance to this court in any event, and that the facts of her case are distinguishable from those of the petitioner in Miller. However, we conclude that Ms. Terrell's case is similar to Miller in one important and dispositive respect: Ms. Terrell's father is not a party to this action. We agree with Justice O'Connor that, without her father's participation, Ms. Terrell's gender bias claim

---

[3]     In Miller , the petitioner's father was an original party to the action, but was wrongly dismissed by the     district court. See 118 S. Ct. at 1444.

does not afford her the heightened scrutiny ordinarily applicable to such claims. See id. at 1445. Ms. Terrell, relying primarily on Justice Breyer's dissent, argues that her claims should be afforded heightened scrutiny because the citizenship rights at issue here are at least as important as other rights where third-party standing has been permitted. She argues that the facts of her case satisfy the concededly important governmental interests addressed by the statute. She also asserts that her claim to citizenship is so closely intertwined with her father's gender-based claim that they are essentially the same.

Third-party standing requires not only an injury in fact and a close relation to the third party, but also a hindrance or inability of the third party to pursue his or her own claims. See id. at 1443 (O'Connor, J., concurring); see also S&S Pawn Shop, Inc. v. City of Del City, 947 F.2d 432, 438 n.5 (10th Cir. 1991). Ms. Terrell's father has never been a party to this suit, and no hindrance to his participation has been demonstrated.[4] Despite her arguments, Ms. Terrell does not satisfy the requirements of third-party standing and therefore her claim does not trigger heightened scrutiny. Further, under the rational basis standard applicable in this case, the statute withstands Ms. Terrell's challenge.

---

[4] Justice Breyer's dissent in Miller takes issue with Justice O'Connor's standing analysis in part because the petitioner's father had originally been a party but was wrongly dismissed. Justice Breyer considered the dismissal a substantial hindrance to the father's ability to assert his own rights. See 118 S. Ct. at 1457. No similar analysis is applicable in Ms. Terrell's case.

We conclude that its provisions bear a rational relation to the valid governmental interests it seeks to promote. See Miller, 118 S. Ct. at 1445 (O'Connor, J., concurring). Having determined that INA § 309 survives Ms. Terrell's constitutional challenge, we need not comment on the INS's conclusion that she does not meet the requirements of the statute. Ms. Terrell does not contend otherwise, and appears to concede the supporting facts in her briefs.

Finally, in light of Ms. Terrell's drug conviction, we conclude that AEDPA, as amended by IIRIRA, precludes this court from considering Ms. Terrell's petition for review from the BIA's final deportation order and its decision denying her discretionary relief under INA § 212(c). See Berehe, 114 F.3d at 161. Contrary to Ms. Terrell's arguments, application of these statutes to her case is not impermissibly retroactive. See Fernandez v. INS, 113 F.3d 1151, 1153 (10th Cir. 1997). Accordingly, the petition for review is DISMISSED and the stay of deportation is VACATED.