**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KILSON FLORES, also known
as Kilson Elkins,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 99-9509
(INS No. A 27-653-117)

**ORDER AND JUDGMENT**\*

Before **BALDOCK**, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner moves for a stay of deportation pending petition for review.

This case is governed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), enacted on September 30, 1996. Because petitioner's exclusion proceedings began before April 1, 1997, and the final order of exclusion was entered more than thirty days after IIRIRA's date of enactment, IIRIRA's transitional rules apply. See Berehe v. INS , 114 F.3d 159, 161 (10th Cir. 1997).

Petitioner was found excludable because she had no valid immigrant visa and because she had committed a controlled substance violation. "IIRIRA's transitional rules . . . clearly and unambiguously state that, 'there shall be no appeal permitted' in the case of an alien who is deportable by reason of committing one of the enumerated crimes" in IIRIRA § 309(c)(4)(G). Id. We lack jurisdiction to review the merits of whether petitioner is validly excludable. See id.

The petition for review and motion for stay are DISMISSED.

ENTERED FOR THE COURT
PER CURIAM