**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALEX SOLIS-MUELA,

       Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

       Respondent.

No. 99-9536
(INS No. A90 615 831)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **LUCERO**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Alex Solis-Muela moves this court for a stay of deportation pending disposition of this court's review of the decision of the Board of Immigration Appeals (BIA), affirming the immigration judge's denial of requests for discretionary waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c), and consideration for cancellation of removal under section 240A, 8 U.S.C. § 1229b.[1]

Petitioner, a native of Mexico, has been a legal permanent resident since 1989. He is currently married to a United States citizen and has a ten-year old son. In November and December 1996, petitioner pled guilty to possession of firearms while under indictment and three counts of possession of marijuana. Although petitioner's motion for stay and supporting memorandum are lacking in the facts necessary to facilitate this court's full understanding of the background of this case, we surmise that he was adjudged deportable due to his criminal convictions, a decision he did not challenge on appeal to the BIA.

On appeal, the BIA affirmed the immigration judge's decision denying petitioner's requests for discretionary relief, finding that discretionary relief

---

[1] Petitioner also seeks review of the Immigration and Naturalization Services'(INS) decision to deny him adjustment of status. He did not, however, provide this court with any documents supporting his contention that this request was before the immigration judge or the Board of Immigration Appeals (BIA). The BIA's decision affirming the immigration judge does not address the issue of adjustment of status.

under INA § 212(c) is precluded by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides that such relief is not available to aliens who have been adjudged deportable due to conviction of certain enumerated offenses. *See Berehe v. INS*, 114 F.3d 159, 161 (10th Cir. 1997) (citing AEDPA § 440(d)). In addition the BIA held that these same convictions made petitioner ineligible for cancellation of removal under § 240A of the INA, 8 U.S.C. § 1229b, which makes this relief unavailable to aliens convicted of aggravated felonies. *See* 8 U.S.C. § 1101(a)(43(E)(ii) (defining offenses relating to firearms as aggravated felonies).

Section 440(a) of AEDPA amended 8 U.S.C. § 1105a(a)(10) of the INA to provide that "[a]ny final order of deportation against an alien who is deportable by reason of having committed certain enumerated criminal offenses, including firearm offenses," is not reviewable by any court. *Berehe*, 114 F.3d at 160-61 (quotation omitted). Section 1105a(a) was subsequently repealed by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), but preserved "AEDPA's prohibition on judicial review of any final deportation orders against such aliens." *Terrell v. INS*, 157 F.3d 806, 808 n.1 (10th Cir. 1998). [2]

IIRIRA was enacted on September 30, 1996. Most of its provisions "apply only to proceedings commenced on or after April 1, 1997," with transitional rules

---

[2] Provisions pertaining to judicial review of removal orders filed after IIRIRA's enactment date, now appear at 8 U.S.C. § 1252, as amended by IIRIRA.

governing cases where the alien was in deportation proceedings before April 1, 1997, but did not receive a final order of deportation until thirty days after IIRIRA's September 30, 1996 enactment date. *Berehe,* 114 F.3d at 160-61. The transitional rules contain the same preclusive AEDPA provision on which the BIA relied in denying petitioner's request for discretionary relief under INA § 212(c). *See id.* at 161.

Petitioner did not provide us with the date the INS commenced removal proceedings against him. Because petitioner's criminal convictions occurred in November and December 1996, however, we can assume that the INS did not initiate removal proceedings against petitioner until after his criminal convictions in late 1996. It then follows that his removal proceedings were commenced after April 1, 1997, or were pending on that date with a final removal order dated more than thirty days after October 30, 1996. Either way, we conclude that AEDPA as amended by IIRIRA, divests this court of jurisdiction to consider petitioner's request for review of the BIA's decision denying him discretionary relief. *See Berehe*, 114 F.3d at 161.

Accordingly, the petition for review and petitioner's motion for stay of deportation are DISMISSED.

ENTERED FOR THE COURT
PER CURIAM