**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60418

TUAN ANH NGUYEN; JOSEPH ALFRED BOULAIS,

Petitioners,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition For Review of an Order
of the Board of Immigration Appeals

April 1, 2000

Before POLITZ and STEWART, Circuit Judges, and LITTLE[*], District Judge.

CARL E. STEWART, Circuit Judge:

Tuan Anh Nguyen ("Nguyen") and Joseph Alfred Boulais ("Boulais") appeal the Board of Immigration Appeals ("BIA") order of deportation entered against Nguyen. For the following reasons we grant the Immigration and Naturalization Service's motion to dismiss the appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Nguyen was born September 11, 1969 in Vietnam. His mother is a Vietnamese citizen. The co-petitioner, Boulais, is Nguyen's natural father.[1] Nguyen's mother abandoned him at birth. In June 1975, Nguyen was brought to the United States as a refugee becoming a lawful permanent resident pursuant to the Indochinese Refugee Act. Nguyen settled in Texas where he was raised by Boulais. Nguyen never had any subsequent contact with his natural mother.

---

[*] District judge of the Western District of Louisiana, sitting by designation.

[1] It was established through DNA testing conducted in December 1997 that it is 99.98% certain that Boulais is Nguyen's biological father.

On August 28, 1992, Nguyen plead guilty in Texas state court to two felony charges of sexual assault on a child. He was sentenced to eight years in prison for each crime. While confined in state prison in Huntsville, Texas, Nguyen was interviewed by an INS agent. He told the agent he was a native and citizen of Vietnam as well as the circumstances surrounding his entry in the United States. Based on this information, the INS began deportation proceedings against Nguyen on April 4, 1995. The INS argued that Nguyen was subject to deportation as an alien who had been convicted of two crimes involving moral turpitude and an aggravated felony under INA § 241(a)(2)(A)(ii)and (iii) (codified at 8 U.S.C. §§ 1251 (a)(2)(A)(ii)-(iii) (1994)).

While in state prison in Huntsville, Texas Nguyen appeared at two hearings before an immigration judge. At the first hearing, in November 1996, Nguyen indicated that he wished to challenge the show cause order on the ground that he was a United States citizen. The judge continued the hearing to allow Nguyen time to present proof of his citizenship. At the second hearing in January 1997, his attorney withdrew, and the immigration judge went forward and advised Nguyen of his procedural rights and conducted the hearing. During the colloquy conducted by the immigration judge, Nguyen testified under oath that he was not a citizen of the United States and that he was a citizen of Vietnam. He also admitted that he was convicted of the aforementioned crimes. On the basis of this testimony the immigration judge found that Nguyen was deportable. Nguyen timely appealed the immigration judge's order to the BIA.

While his appeal was pending, Mr. Boulais instituted a paternity proceeding in a Texas district court. In February 1998, based on DNA testing results Boulais obtained an "Order of Parentage" adjudging that he is the father of Nguyen. Since the BIA's briefing schedule called for submission of Nguyen's brief prior to the completion of DNA testing and the issuance of the paternity decree, Nguyen submitted an initial brief to the BIA outlining his United States' citizenship argument, but did not include the DNA evidence to support his claim. On April 15, 1998 he filed a supplemental brief which included the relevant evidence. On June 2, 1998, the BIA dismissed Nguyen's appeal.

On June 26, 1998 Nguyen filed a Motion to Reconsider with the BIA which has not to date been adjudicated. On July 2, 1998 Mr. Boulais and Nguyen filed a habeas petition in the United States District Court, challenging the BIA's deportation order and denial of relief from deportation. The petitioners also filed a request for declaratory judgment as to the citizenship issue. Because of the multi-layered requests in the district court action, the magistrate judge agreed to hold that matter in abeyance pending this court's decision.[2] The INS has filed a motion to dismiss this appeal for lack of jurisdiction, and this court ruled that the motion should be carried with the case.

DISCUSSION

The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, Pub. L. No. 104-208, § 309(c)(4)(G), 110 Stat. 3009, 626-27, contains the standards for criminal deportees whose deportation proceedings commence before IIRIRA's general effective date of April 1, 1997, and conclude more than thirty days after its passage on September 30, 1996. Section 309(c)(4)(G) provides that

> there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(I) of such Act (as so in effect).

It has been established that this language "completely forecloses our jurisdiction to review decisions of the BIA." Lerma de Garcia v. INS, 141 F.3d 215, 216 (5th Cir. 1999) (quoting Nguyen v. INS, 117 F.3d 206, 207 (5th Cir.1997)). The petitioners do not contest that Nguyen was convicted of a crime specified in INA § 241(a)(2)(A)(ii), namely crimes involving moral turpitude, and an aggravated felony.

If Nguyen is found to be an alien, this court will not have jurisdiction to review the BIA's decision. See Terrell v. INS, 157 F.3d 806, 809 (10th Cir. 1998) (concluding that petitioner who was

---

[2] The pending case is styled as *Nguyen vs. Reno*, Civ. No. H-98-2086 (S.D. Tex., complaint filed July 2, 1998).

being deported under IIRIRA § 309(c)(4)(g) was not a citizen and therefore the court lacked jurisdiction to review BIA deportation order).  Thus, it is a threshold question in the determination of our jurisdiction for this court to determine whether Nguyen is a citizen.  See Okoro v. INS, 125 F.3d 920, 925 n. 10 (5th Cir. 1997) ("when judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists.  The doctrine that a court has jurisdiction to determine its jurisdiction rests on this understanding") (quoting Yang v. INS, 109 F.3d 1185, 1192 (7th Cir. 1997)).

> INA § 106(a)(5) states:
>
> [W]henever any petitioner, who seeks review of an order under this section, claims to be a national of the United States and makes a showing that his claim is not frivolous, the court shall (A) pass upon the issues presented when it appears from the pleadings and affidavits filed by the parties that no genuine issue of material fact is presented; or (B) where a genuine issue of material fact as to the petitioner's nationality is presented, transfer the proceedings to a United States district court for the district where the petitioner has his residence for hearing de novo of the nationality claim...

8 U.S.C. § 1105a (5) (1994).[3]  The petitioners argue that because the immigration judge and the BIA did not consider the proof regarding Nguyen's parentage this case should be transferred to the district court for de novo determination of these issue.  However, the statute does not require that the BIA or immigration judge have heard this evidence, instead it only requires that no genuine issue of material fact exist.  In February 1998, a Texas court entered an "Order of Parentage" which establishes that Boulais is Nguyen's biological father.  Therefore, there are no genuine issues of material fact regarding Nguyen's nationality leaving this court to determine whether Nguyen is a citizen of the United States.

I.      Citizenship

It has been recognized that there are only two sources of citizenship, birth and naturalization. Miller v. Albright, 523 U.S. 420, 423, 118 S.Ct. 1428, 1432, 140 L.Ed. 2d 575 (1998) (citing United

---

[3] 8 U.S.C. § 1105a was repealed in 1996, and succeeded by 8 U.S.C. § 1252(b)(5) which also concludes that if there is no genuine issue of material fact presented as to the petitioner's nationality the court of appeals should decide the issue.

States v. Wong Kim Ark, 169 U.S. 649, 702, 18 S.Ct. 456, 477, 42 L.Ed. 890 (1898)).  Those

persons not born in the United States may only acquire citizenship by birth as provided by Acts of

Congress.  Miller, 523 U.S. at 423.  Nguyen claims that although born in Vietnam he acquired

citizenship at birth under INA § 301.  The provision states that:

> The following shall be nationals and citizens of the United States at birth:...(g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years.

8 U.S.C. § 1401.  However, there is an exception to this general provision for children born out of

wedlock.  INA § 309 states that the aforementioned INA §301 applies to children born out of

wedlock if:

> (a)(1) a blood relationship between the person and the father is established by
>     clear and convincing evidence,
> (2) the father had the nationality at the time of the person's birth
> (3) the father (unless deceased) has agreed in writing to provide financial
>     support until the person reaches the age of 18 years, and
> (4) while the person is under the age of 18 years-
>     (A) the person is legitimated under the law of the person's residence
>         or domicile,
>     (B) the father acknowledges paternity of the person in writing under oath, or
>     (C) the paternity of the person is established by adjudication of a competent court...
> (c) Notwithstanding the provisions of subsection (a) of this section, a person born...outside
>     the United States and out of wedlock shall be held to have acquired at birth the nationality
>     status of his mother, if the mother had the nationality of the United States at the time of said
>     persons birth, and if the mother had been physically present in the United States or one of its
>     outlying possessions for a continuous period of one year.

8 U.S.C. § 1409.  This provision allows for out of wedlock children of citizen mothers to automatic

citizenship at birth, while out of wedlock children of citizen fathers cannot establish their citizenship

unless the citizen father takes certain affirmative steps.  It is clear that Nguyen has failed to establish

the citizenship requirements outlined in INA § 309.  Boulais failed to "legitimate" Nguyen before his

eighteenth birthday by acknowledging paternity in writing or establishing Nguyen's paternity in a

court of competent jurisdiction.

The petitioners argue that although he fails to meet the requirements of INA § 309, that this

provision should not be applied because it violates the Fifth Amendment of the United States

5

Constitution which guarantees equal protection under the law. Specifically, petitioners contend that the statute makes it more difficult for male citizens to confer citizenship on their offspring born out of wedlock than for citizen mothers to confer citizenship.

This equal protection argument was addressed by the Supreme Court in Miller v. Albright, See 523 U.S. at 423. A plurality opinion authored by Justice Stevens[4], applying the heightened scrutiny standard which is used in gender bias claims, found that INA § 309 did not violate the equal protection clause. The court found that the statue met several important governmental objectives, including ensuring reliable proof of a biological relationship between the citizen parent and the child, encouraging a healthy relationship between the citizen parent and the child while the child is a minor, and fostering ties between the foreign born child and the United States.

Justice O'Connor concurring in the judgment disagreed with the court's application of the heightened scrutiny standard.[5] See Id. at 445-46. Justice O'Connor explained that Miller's father had earlier been wrongly dismissed from the action by the district court and therefore there was no first-party claim of gender discrimination. Id. at 447-48. Therefore, the only way for the court to address the gender discrimination claim would be to allow Miller to represent her father's interest by giving her third party standing. However, Justice O'Connor concludes that Miller could not meet the requirements for third party standing, because there was no substantial hindrance to her father's ability to assert his own rights.. Id. at 447-48. Therefore, because the alleged equal protection violation implicated the citizen father's rights and not the rights of the child, Miller, as the child, was only entitled to rational basis review of the statute. Id. at 451.

The fractured opinions of the Supreme Court in Miller demonstrate that we must first address standing in deciding what level of scrutiny to apply to the gender discrimination claim made in this case. The question of standing has been pivotal in recent cases from our sister circuits regarding the constitutionality of INA § 309. See Terrell, 157 F.3d at 808 (concluding that petitioner's father was

---

[4] Only Chief Justice Rehnquist concurred in the opinion.

[5] Justice Kennedy joined in Justice O'Connor's concurrence.

not a party to the suit and petitioner was not entitled to third party standing and therefore the statute should only be reviewed for rational basis); United States v. Ahumada-Aguilar, 189 F.3d 1121, 1126 (9th Cir. 1999) (finding third party standing because petitioner's father was deceased, and ultimately finding the statute could not withstand heightened scrutiny).

In the present case we have facts that are in some significant ways distinct from those in Miller. Boulais is a petitioner in the present action unlike the fathers in Miller and Terrell. Boulais was not a party to the proceedings below because the deportation action was brought only against Nguyen. Boulais is also a petitioner in the habeas action which is pending in the district court. Therefore, it is clear that Boulais has made every effort to represent his own interests in the present suit. We find that Boulais should be allowed to represent his own interest in the present action. In Miller, Justice O'Connor stated that: "[the father] originally filed suit and asserted his own rights but then opted not to pursue his claim throughout this litigation. It is true that he was *wrongly* dismissed from the action...and that the Government made the misguided argument before that court that 'the rights, if any, which have been injured are those of [the daughter], the true plaintiff in this action'." See Miller, 523 U.S. at 448. In the present case, the government also argues that Boulais' rights have not been injured because he is not the party who is to be deported.[6] Based on Justice O'Connor's clear statement in Miller regarding this argument, we find the government's position unpersuasive.[7] Boulais is a proper party in this action to challenge the constitutionality of INA § 309.

---

[6] The government cites this court's opinion in Garcia v. Bolden, 691 F.3d 1172, 1183 (5th Cir. 1982) for the proposition that families of deportable aliens do not have standing to challenge a deportation order. Unlike this case, in Garcia the family of the deportable alien was not attempting to challenge a statute which was directed at the rights of the family itself. In the present case INA § 309 directly implicates a father's rights to confer citizenship on his children.

[7] It is also important to note that all of the other seven justices who did not join in Justice O'Connor's concurrence found that even if Miller's father was not a party to the suit Miller would have third-party standing to assert her father's challenge to the statute. In the plurality opinion, citing Craig v. Boren, 429 U.S. 190, 193-97, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), Justice Stevens concluded that Miller's claim relied heavily on her citizen father's right to transmit citizenship and thus the court would evaluate the alleged discrimination against him. See Miller, 523 U.S. at 432. While Justice Scalia joined by Justice Thomas did not agree with the plurality opinion's reasoning regarding third party standing they also "accept the petitioner's third party standing." Id. at 455 n.1. The dissenters also conclude that Miller met the requirements for third party standing. Id. at 473.

Having resolved the standing question we will now address the constitutionality of the statue in question. The petitioners argue that INA § 309 is unconstitutional because it relies on outdated stereotypes regarding male and female parents. First, the INS contends that as an immigration statute INA § 309 should be reviewed under the "facially legitimate and bona fide reason standard" set forth by the Supreme Court in Fiallo v. Bell, 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed. 2d 50 (1977). In Fiallo, the Supreme Court held that an immigration statute that distinguished between "legitimate" and "illegitimate" children of United States citizens in giving preference for immigration status to aliens, met equal protection standards because the distinctions in the statute were based on a "facially legitimate and bona fide reason." Id. at 794 (citation omitted). The INS correctly points out that this court has followed Fiallo in a number of immigration cases. See e.g., Rodriguez v. INS, 9 F.3d 408, 410, 414 (5th Cir. 1993) (applying Fiallo limited review standard to alien's claim seeking waiver of deportation under INA § 212(c)); Matter of Longstaff, 716 F.2d 1439, 1442-43 (5th Cir. 1983) (applying Fiallo limited review standard in deciding alien's claim for naturalization). However, we do not find that Fiallo dictates the outcome of the present case. As the plurality opinion in Miller points out there are significant differences between INA § 309 which is challenged in the present case, and the INA statute challenged in Fiallo. Specifically, the statute in Fiallo dealt with the claims of aliens for special immigration preferences for aliens, whereas the petitioner's claim in this case is that he is a citizen. See Miller, 523 U.S. at 429 (Stevens, J.). Furthermore, the constitutional challenge in Fiallo dealt with statutory distinctions between "illegitimate" and "legitimate" children, an issue which is not presented in this case. Id. Therefore, we decline to adopt the Fiallo "facially legitimate and bona fide reason" standard in the present case.

The petitioners contend that recent Supreme Court cases have established that statutes which rely on outmoded generalizations about gender cannot survive heightened scrutiny. See e.g., United States v. Virginia, 518 U.S. 515, 540-546, 116 S.Ct. 2264, 135 L.Ed. 2d 735 (1996). Faced with the serious and complex question of the constitutionality of the statute we take guidance from the most recent reasoning of the Supreme Court on this issue. The plurality opinion in Miller offers

8

several important governmental objectives that are met by the INA § 309.[8] First, the plurality opinion found that the statute helps to ensure reliable proof of a biological relationship between the citizen parent and the child.  Miller, 523 U.S. at 436 (Stevens, J.).  For a mother the blood relationship between parent and child is evident.  Id.  The opinion reasons that in the case of fathers it is necessary that affirmative steps are taken to demonstrate the biological relationship.  Id.  The statute allows the father to prove this relationship through fairly uncomplicated methods such as signing a statement of paternity under oath, having paternity adjudicated by a competent court or legitimating the child under the law of the parent's state.  These steps must be taken before the child reaches eighteen.  The plurality opinion in Miller concluded that requiring the steps to be taken before eighteen insures that the information relied upon to establish paternity is reliable.  Id. at 437-38 (Stevens, J.) .

The plurality opinion in Miller further found that the statute is also well tailored to meet the important governmental objectives of encouraging healthy parent-child relationships while the child is a minor, and fostering ties between the foreign born child in the United States.   Justice Stevens concluded that these objectives need to be encouraged in citizen fathers especially, because in the case of citizen mothers they will already know the child exists and be able to develop bonds with the child from an early age because they will obviously be with the child at its birth. Id. at 438. (Stevens, J.). Whereas the unmarried citizen father will not necessarily be present at the birth of the child or even know of the child's existence, making it impossible for the citizen father to develop a healthy relationship with the child.  Id.  By requiring fathers to take affirmative steps to establish paternity the government assures that the father and child will meet and have an opportunity to develop a relationship.  Id.  For the foregoing reasons set forth by the Supreme Court's plurality opinion in Miller, we find that INA § 309 is constitutional.

---

[8] In Miller, the plurality opinion only addresses the constitutionality of 8 U.S.C. § 1409(a)(4).  See Miller, 523 U.S. at 432.  The dissent addresses the constitutionality of 8 U.S.C. § 1409(a)(3) and (a)(4).  Id. at 473 (Breyer, J., dissenting).  The present case asks us to address the constitutionality of all of 8 U.S.C. § 1409.  Specifically, Boulais did not meet the requirements set forth in 8 U.S.C. § 1409(a)(3) and (a)(4).

9

CONCLUSION

Having found INA § 309 to be constitutional, we also find that Nguyen does not meet the criteria for citizenship outlined in 8 U.S.C. § 1401. Bo ulais did not establish Nguyen's paternity before he reached the age of majority. Although Boulais has now obtained an order of parentage that order was decreed in 1998, and Nguyen was twenty eight years old. Thus, due to Nguyen's status as an alien, under IIRIRA this court is precluded from reviewing the BIA's final deportation order. Thus, we grant the INS's motion to dismiss the appeal.