**Daniel HURTADO, Plaintiff,**

v.

**Janet RENO, Attorney General, United States of America, in her official capacity and as an individual; Joseph Greene, District Director, United States Immigration and Naturalization Service, Denver, Colorado, in his official capacity and as an individual; and Michael Comfort, Acting District Director, Immigration and Naturalization Service, Denver, Colorado, in his official capacity and as an individual, Defendants.**

No. Civ.A. 98–K–1865.

United States District Court,
D. Colorado.

Feb. 3, 1999.

Jim Salvator, Lafayette, CO, for plaintiff.

Michael E. Hegarty, Asst. U.S. Atty., Denver, CO, for defendants.

## ORDER DISMISSING AMENDED CLASS ACTION COMPLAINT

KANE, Senior District Judge.

On August 27, 1998, Daniel Hurtado filed this civil action arising out of his detention at Wackenhut Correctional Corporation, United States Immigration and Naturalization Detention Facility (WCC/INS) while awaiting deportation to Mexico as an "aggravated felon" under the current immigration laws. Hurtado could have appealed his deportation/removal by filing a notice of appeal with the Board of Immigration Appeals by August 28, 1998. He did not do so and was deported on September 1, 1998. In the Amended Class Action Complaint, Hurtado, who is deaf, asserts claims for injunctive relief and damages under the Rehabilitation Act of 1973 and the Due Process Clause of the Fifth Amendment against Janet Reno, Joseph Green and Michael Comfort in their official and individual capacities. Pending is Defendants' Motion to Dismiss or Strike Amended Complaint.

### I. *Procedural History.*

On August 27, 1998, Hurtado filed a Class Action Complaint as a *Bivens*-type civil rights class action, seeking injunctive relief and damages on his own behalf and on behalf of all other present and future deaf and hearing impaired prisoners at WCC. On August 27, 1998, I denied Hurtado's motion for

a temporary restraining order. The government filed a motion to dismiss noting that, in compliance with Hurtado's request, the INS deported him to his native Mexico on September 1, 1998.

On September 28, 1998, a Motion for Certification of Class Action was filed. On October 1, 1998, Hurtado filed an Amended Class Action Complaint. On that day, Celeste Ferguson's Motion to Intervene as Named Plaintiff was also filed. On October 7, 1998, Defendants objected to the motion for class certification. On October 13, 1998, Defendants responded to Ferguson's motion to intervene and moved to dismiss or strike the amended complaint. On October 22, 1998, I denied Plaintiff's Motion for Certification of Class Action, and Celeste Ferguson's Motion to Intervene as Named Plaintiff. I ordered Plaintiff to respond to Defendants' Motion to dismiss or Strike Amended Complaint filed on October 13, 1998 (which renews Government's Renewed Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), (6) filed September 15, 1998), and to address only those issues raised in the motion which were not mooted by the October 22, 1998 order. I also ordered Defendants to reply. Plaintiff filed a Revised Response to Motion to Dismiss. Defendants did not reply.

## II. *Merits.*

Defendants seek to strike the Amended Class Action Complaint under Fed.R.Civ.P. 12(f) (permitting striking of "redundant, immaterial, impertinent, or scandalous matter") or to dismiss it under Fed.R.Civ.P. 12(b)(1) (for lack of subject matter jurisdiction) or 12(b)(6) (for failure to state a claim). In light of Hurtado's deportation, Defendants assert the issue of his conditions at the WCC is moot and this court lacked subject matter jurisdiction.

Defendants sought to strike the Amended Class Action Complaint in part on the grounds that there was no basis for maintaining a class action. I have since denied the motion to intervene and motion for class certification. Accordingly, Hurtado now proceeds as the sole Plaintiff. I consider Defendants' arguments that (1) this court lacks subject matter jurisdiction as Hurtado has been deported and the issue of his conditions at the WCC are moot; (2) the complaint fails to state a claim under Rule 12(b)(6).

### 1. *Dismissal under Rule 12(b)(1)*

Defendants assert this case must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because, in light of Hurtado's deportation, the issue of his conditions at the WCC is moot. Hurtado asserts, because of his unjust and torturous treatment at the WCC he elected not to contest his removal through an appeal to the Board of Immigration Appeals and that his right to damages and injunctive relief remain intact because but for that treatment he would have appealed his removal order. The injunctive relief which he now seeks is in the form of a court order vacating his coerced and unlawful removal; disability sensitivity training for all WCC detention personnel and specific and adequate accommodations for disabled prisoners.

To the extent that Hurtado brings this suit to review the legality of his removal order or the manner in which it was executed, I am without "jurisdiction to hear any cause of claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under 'the Immigration and Nationality Act,'" Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1252(g); *see Terrell v. INS,* 157 F.3d 806, 808 n. 1 (10th Cir.1998); *Berehe v. INS,* 114 F.3d 159, 161 (10th Cir. 1997). Further, in light of Hurtado's deportation and the denial of the class action, there is no live case or controversy entitling him to relief concerning the issue of his conditions at the WCC/INS. *See In re BCD Corp. (Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc.),* 119 F.3d 852, 856 (10th Cir.1997) (addressing mootness as a threshold question because in the absence of a live case and controversy the court has no subject matter jurisdiction). Thus, I am without jurisdiction to consider Hurtado's claims for injunctive relief.

### 2. *Dismissal under Rule 12(b)(6)*

Defendants seek dismissal of the complaint for failure to state a claim under Rule 12(b)(6) against them in their individual and official capacities. Dismissal is appropriate

under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997).

Hurtado asserts his is a "*Bivens*-type civil rights class action pursuant to the Rehabilitation Act of 1973 and the Due Process Clause of the Fifth Amendment to the United States Constitution." (Am. Class Action Complaint at 2–3.) *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), provides a remedy against federal officials for violations of federal rights. To the extent that the proposed claims seek monetary damages against the defendants in their official capacities, the claims are barred by the doctrine of sovereign immunity. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Hurtado does not allege that the United States has waived its immunity in this case. Furthermore, the Supreme Court has held that a *Bivens* action may not be brought against a federal agency. *Id.* 510 U.S. at 484–86, 114 S.Ct. 996.

As to claims against Defendants in their individual capacities, Hurtado fails to allege any personal involvement by them in the allegedly unconstitutional conduct nor are his pleadings specific as to the conduct of each Defendant. *See Kite v. Kelley*, 546 F.2d 334, 337–38 (10th Cir.1976) (liability of a *Bivens* defendant can only be predicated on personal involvement or participation in the alleged constitutional acts). They are also insufficient to overcome Defendants' assertion of qualified immunity, under which federal officials performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Johnson v. Fankell*, 520 U.S. 911, 117 S.Ct. 1800, 1803, 138 L.Ed.2d 108 (1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

With regard to Hurtado's assertion of claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973, he cites the holding in *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) that state prisoners are protected by the ADA. As that case discussed, the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. While state prisons fall squarely within the statutory definition of "public entity," which includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government," § 12131(1)(B), a federal detention center such as WCC/INS does not. Hurtado cites no authority in support of his assertion of a claim under the Rehabilitation Act of 1973. Notably, the Tenth Circuit has held that the Rehabilitation Act does not apply to issues of prison employment. *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir.1996).

### III.  *Conclusion.*

To the extent that I have jurisdiction over this case, I conclude Hurtado has not stated a constitutional law claim under *Bivens* or a claim under the Americans with Disabilities Act or Rehabilitation Act of 1973 upon which relief may be granted against any Defendant.

For the aforesaid reasons,

IT IS ORDERED THAT Defendants' Motion to Dismiss the Amended Class Action Complaint is GRANTED and Defendants' alternative Motion to Strike the Amended Class Action Complaint is DENIED AS MOOT;

IT IS FURTHER ORDERED THAT the Amended Class Action Complaint is DISMISSED WITH PREJUDICE.