United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60087
Summary Calendar

JOHN FALEK,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34 027 652
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

John Falek appeals the Board of Immigration Appeals' ("BIA")
final order of removal. Falek was ordered to be removed from the
United States after a determination that he was convicted of a
crime involving moral turpitude and that he was not entitled to a
waiver of removal. Under the Illegal Immigration Reform and
Immigrant Responsibility Act (IIRIRA), "no court shall have
jurisdiction to review any final order of removal against an
alien who is removable by reason of having committed" a crime
involving moral turpitude. 8 U.S.C. § 1252(a)(2)(C). This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, however, does retain jurisdiction "to consider whether the specific conditions exist that bar our jurisdiction over the merits, namely, whether the petitioner is (1) an alien, (2) who is deportable, (3) for committing the type of crime that bars our review." Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001). This court reviews its jurisdiction de novo. Id.

Although Falek does not challenge the determination that his conviction involved a crime of moral turpitude, he does assert that he is a United States citizen, not an alien. As a result, for jurisdictional purposes, the threshold issue is whether Falek is an alien. See Nehme, 252 F.3d at 420. If there is no genuine issue of material fact as to whether Falek is an alien, this court will not have jurisdiction to review the final order of removal. 8 U.S.C. § 1252(a)(7)(B); see Nguyen v. INS, 208 F.3d 528, 531 (5th Cir. 2000). If, however, there is a genuine issue of material fact as to whether Falek is an alien, the matter should be remanded for a hearing. 8 U.S.C. § 1252(a)(7)(B).

Falek contends that he derivatively acquired United States citizenship through his mother. Specifically, Falek asserts that his mother acquired retroactive United States citizenship at birth as a result of 8 U.S.C. § 1401(h) and that, because his mother was a United States citizen when he was born, he is a United States citizen pursuant to 1401(a)(7).

Under the law in effect at the time of Falek's birth, for Falek to acquire derivative citizenship from his mother, Falek's

mother would have to be a citizen who, prior to Falek's birth, "was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(a)(7) (1952). Falek has failed to show that his mother satisfied the physical presence requirements of 8 U.S.C. § 1401(a)(7). Therefore, there is not a genuine issue of material fact as to whether Falek is an alien.

Falek's motions to supplement the record and his brief are GRANTED.

The petition for review is DENIED for want of jurisdiction.