**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM D. McDONALD,

      Plaintiff - Appellant,

v.

MARSHA VAN HOUTTE, individual
and official capacity; and CHOCTAW
POLICE DEPARTMENT,

      Defendants - Appellees.

No. 05-6132
(D.C. No. 05-CV-63-H)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

      William D. McDonald appeals the dismissal of his 42 U.S.C. § 1983 claim

against Detective Marsha Van Houtte and the Choctaw Police Department.  In

June 2002 McDonald's wife, Caren McDonald, was arrested for shooting her

husband.  William McDonald alleges that Van Houtte and the police department

unlawfully arrested and prosecuted his wife and violated her constitutional rights

---

      [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

by failing to conduct an adequate investigation into the shooting. The district court dismissed the case, finding that McDonald lacked standing. Because we agree that McDonald does not establish that his wife is unable to present her claims directly, we **AFFIRM**.

We review a district court's determination of standing de novo. Comm. to Save the Rio Hondo v. Lucero, 102 F.3d 445, 447 (10th Cir. 1996). To bring a claim in a federal court, a plaintiff must demonstrate that he has standing to invoke the court's jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, a party must show that he has suffered a concrete and particular injury in fact, that there is a causal connection between the injury and the defendant's conduct, and that a decision in the plaintiff's favor is likely to redress the injury. Id. at 560-61.

In general, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Kowalski v. Tesmer, 125 S. Ct. 564, 567 (2004) (quotation omitted). However, when the standing requirements are otherwise met and the party who suffered the actual harm is not able to assert her claim directly, a plaintiff with a close relationship to that party may assert standing on behalf of the third party. Id.

While McDonald clearly qualifies as having a close relationship with his wife, he has presented no facts demonstrating that his wife is not able to assert

her claims directly. The fact that she is imprisoned is not a bar to bringing a civil rights claim. See, e.g., Searles v. Van Bebber, 251 F.3d 869 (10th Cir. 2001) (prisoner successfully brought § 1983 claim).

Because McDonald has not demonstrated that his wife is unable to assert her own claims, he does not have standing to represent her claims himself. It appears that McDonald's wife is now barred from bringing a new § 1983 claim by Oklahoma's two-year statute of limitations. See Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005) (holding that Oklahoma's two-year statute of limitations applies to § 1983 cases arising in that state).

On appeal, McDonald alleges he suffered emotional distress and loss of consortium due to his wife's imprisonment. Because he did not raise this argument below, we do not consider it here. See Tele-Communications, Inc. v. Comm'r, 104 F.3d 1229, 1232-33 (10th Cir. 1997) (issues not raised before the district court are waived).

We therefore **AFFIRM** the district court's decision to dismiss the case for lack of standing.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
