**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA LAINE,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>CITY OF LIVERMORE; et al.,<br><br>     Defendants-Appellees. | No. 16-17142<br><br>D.C. No. 3:15-cv-03656-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Joshua Laine appeals pro se from the district court's summary judgment in

his action alleging federal and state law claims in connection with the

impoundment of his truck. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Laine's request for oral argument, set forth in his opening brief, is denied.

and we affirm.

The district court properly granted summary judgment on Laine's Fourth Amendment claims because Laine failed to raise a genuine dispute of material fact as to whether Officer Thompson lacked probable cause to believe a traffic violation had occurred, and whether the impounding of his vehicle was unreasonable. *See Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred".); *see also* Cal. Veh. Code § 4000(a)(1) (a person shall not drive a vehicle unless it is registered); Cal. Veh. Code § 22651(o) (1)(A) (an officer may remove a vehicle whose registration expired more than six months before); *Miranda v. City of Cornelius,* 429 F.3d 858, 865 (9th Cir. 2005) ("An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle."). Contrary to Laine's contentions, vehicle registration requirements are not unconstitutional. *See Hendrick v. Maryland*, 235 U.S. 610, 622 (1915); *see also Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) (there is no constitutional right to drive).

The district court properly granted summary judgment on Laine's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Laine failed to raise a triable dispute as to whether defendants engaged in racketeering activity.

16-17142

*See Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987) (setting forth RICO elements and defining racketeering activity).

The district court properly granted summary judgment on Laine's claim that Officer Thompson committed treason because Laine lacked standing. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

The district court properly granted summary judgment on Laine's false imprisonment claim because Laine failed to raise a triable dispute as to whether Thompson acted outside the scope of her authority and the detention was unlawful. *See* Cal. Penal Code § 847(b) (peace officer is not liable for false imprisonment if she was acting within the scope of her authority and the arrest was lawful).

The district court did not abuse its discretion by awarding Laine only nominal damages. *See Carey v. Piphus*, 435 U.S. 247, 263-264 (1978) (holding that no award for compensatory damages was justified without proof that such injury was actually caused by denial of procedural due process itself); *Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986) (standard of review).

We reject as unsupported Laine's contention that his due process rights were violated throughout the case.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

16-17142

**AFFIRMED.**