# United States Court of Appeals for the Federal Circuit

---

**PERSONAL AUDIO, LLC,**
*Plaintiff-Appellant*

**v.**

**CBS CORPORATION,**
*Defendant-Appellee*

---

2018-2256

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:13-cv-00270-JRG, Judge J. Rodney Gilstrap.

---

Decided: January 10, 2020

---

JEREMY SETH PITCOCK, The Pitcock Law Group, New York, NY, argued for plaintiff-appellant. Also represented by JENNIFER ISHIMOTO, Banie & Ishimoto LLP, Menlo Park, CA; PAPOOL SUBHASH CHAUDHARI, Chaudhari Law, PLLC, Wylie, TX.

STEVEN M. LIEBERMAN, Rothwell, Figg, Ernst & Manbeck, PC, Washington, DC, argued for defendant-appellee. Also represented by SHARON DAVIS, JENNIFER MAISEL, DANIEL MCCALLUM, BRIAN S. ROSENBLOOM.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Personal Audio, LLC brought this case against CBS Corporation, alleging that CBS infringed a Personal Audio patent. A jury found for Personal Audio on infringement and invalidity as to three claims of the patent. When the Patent Trial and Appeal Board (Board) of the United States Patent and Trademark Office (PTO) issued a final written decision determining that those claims are unpatentable, the district court, with the parties' consent, stayed entry of its judgment in this case until completion of direct review of the Board's decision in our court. We eventually affirmed the Board's final written decision. The district court then asked Personal Audio and CBS how they wished to proceed, and they agreed that, under governing precedent, CBS was entitled to entry of final judgment in its favor. The district court entered such a judgment.

Personal Audio appeals. To the extent that Personal Audio challenges the Board's final written decision, the district court lacked jurisdiction to consider the challenges, and we have no jurisdiction to review them on appeal from the district court's judgment. The exclusive avenue for review was a direct appeal from the final written decision. To the extent that Personal Audio challenges the district court's determination of the consequences of the affirmed final written decision for the proper disposition of this case, Personal Audio conceded that governing precedent required judgment for CBS. We therefore affirm the district court's judgment.

I

Personal Audio owns U.S. Patent No. 8,112,504, which describes a system for organizing audio files, by subject matter, into "program segments." '504 patent, Abstract. The system arranges the segments through a "session schedule" and allows a user to navigate through the

schedule in various ways, such as skipping the remainder of a segment, restarting a segment from its beginning, listening to predetermined "highlight passages" within a segment, or jumping to a "cross-referenced position" within another segment. *Id.*, col. 2, lines 21–56.

In 2013, Personal Audio sued CBS, alleging infringement of the '504 patent. Later that year, a third party (the Electronic Frontier Foundation) petitioned for an inter partes review (IPR) of claims 31–35 of the '504 patent under 35 U.S.C. §§ 311–319. The Board instituted a review in April 2014, but the district court case proceeded to trial, with the issues limited to infringement and invalidity of claims 31–34. On September 14, 2014, a jury found that CBS had infringed claims 31–34 and that CBS had failed to establish by clear and convincing evidence that those claims were invalid. The jury awarded Personal Audio $1,300,000 as damages for CBS's infringement.

On April 10, 2015, the Board issued a final written decision in the IPR under 35 U.S.C.§ 318(a), concluding that claims 31–35 are unpatentable. *Electronic Frontier Foundation v. Personal Audio, LLC*, No. IPR2014-00070, 2015 WL 13685137 (P.T.A.B.). Personal Audio and CBS agreed to stay proceedings in the district court case pending this court's review of the Board's decision pursuant to 35 U.S.C. §§ 141(c) and 319 and 28 U.S.C. § 1295(a)(4)(A). Before pressing the appeal of the Board's decision in this court, Personal Audio sought rehearing with the Board, making two arguments that are relevant to this appeal: (1) that the Board, through its final written decision, violated the Seventh Amendment by reexamining jury findings and (2) that the final written decision was unlawful because the inter partes review scheme violates the Due Process Clause of the Fifth Amendment. J.A. 583–85. After the Board denied rehearing, Personal Audio appealed to this court. In its opening brief in this court, Personal Audio continued to assert that the Board's final written decision violated the Seventh Amendment. J.A. 2118.

On August 7, 2017, this court affirmed the Board's final written decision. *Personal Audio, LLC v. Electronic Frontier Foundation*, 867 F.3d 1246, 1253 (Fed. Cir. 2017). The Supreme Court denied Personal Audio's petition for a writ of certiorari on May 14, 2018. *Personal Audio, LLC v. Electronic Frontier Foundation*, 138 S. Ct. 1989 (2018).

In December 2017, based on our decision affirming the Board, the district court asked Personal Audio and CBS to submit a joint status report. They did so on May 29, 2018, after the Supreme Court denied certiorari from our decision. In the joint status report, Personal Audio stated that it "continue[d] to believe that overturning the verdict of the jury with a later IPR proceeding violates the Seventh Amendment of the Constitution" and that "the outcome of the IPR should not be given collateral estoppel effect, since it was filed by a third party under a different standard." J.A. 423. But Personal Audio agreed to judgment against it because "current authority supports rendering a judgment in favor of the Defendant CBS." *Id.*

The district court entered judgment for CBS on July 11, 2018. One week later, on July 18, 2018, the PTO performed the ministerial act, under 35 U.S.C. § 318(b), of issuing a certificate that cancelled claims 31–35. Personal Audio timely appealed to this court.

## II

Personal Audio does not challenge the IPR scheme or even a particular provision of that scheme, or regulation under the scheme, on its face. It alleges injury only from the particular final written decision of the Board that ruled claims 31−35 of its '504 patent unpatentable. Personal Audio presents challenges of two types involving the Board decision, while invoking four constitutional bases and one non-constitutional basis. First, Personal Audio presents various challenges to the lawfulness of the Board's final written decision itself. Second, Personal Audio challenges the district court's ruling on the consequence of the

affirmed Board decision for this case—namely, that termination of Personal Audio's assertion of the patent claims in this still-live patent case is a required result of the affirmed Board decision, even though the jury rendered a verdict in Personal Audio's favor.

We do not have jurisdiction to hear challenges of the first type, which squarely attack the validity of the Board's final written decision. The exclusive vehicle for bringing such challenges is a direct appeal to this court from the final written decision. As to challenges of the second type, Personal Audio forfeited any argument that existing precedent allows this panel to do anything but reject them. We therefore affirm the district court's judgment for CBS.

## A

Personal Audio contends that the Board, by issuing its final written decision, violated the Reexamination Clause of the Seventh Amendment, the Ex Post Facto Clause of Article I, the Takings Clause of the Fifth Amendment, and the Due Process Clause of the Fifth Amendment.[1] Of those grounds, Personal Audio mentioned in the district court only the Seventh Amendment ground. J.A. 423–24. We consider the other grounds to be forfeited. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument

---

[1] After briefing was complete, Personal Audio submitted a supplemental letter asserting an Appointments Clause challenge to the Board's decision. We have held that any such challenge, even when made in a direct appeal from the Board, is forfeited when not made in, or prior to the filing of, the opening brief in this court. *Customedia Techs., LLC v. Dish Network Corp.*, 941 F.3d 1173, 1174 (Fed. Cir. 2019). The challenge is also, in any event, subject to the exclusive-jurisdiction bar discussed *infra*.

to the trial court, we may deem that argument waived on appeal."). But even if those grounds were not forfeited, they would fail for the same reason that the Seventh Amendment challenge to the Board decision fails: the district court did not have jurisdiction to consider challenges to the legality of the Board decision. We so conclude in fulfilling our "independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

The Constitution gives Congress a broad power to define the jurisdiction of particular lower federal courts. Article III vests the "judicial power of the United States . . . in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Art. III § 1. In turn, Article I grants Congress the power to "constitute Tribunals inferior to the supreme court." Art. I § 8, cl. 9. The Supreme Court long ago held that the power to create the lower federal courts includes a lesser power—to define the jurisdiction of lower federal courts it creates. *Sheldon v. Sill*, 49 U.S. 441, 448 (1850) (explaining that "Congress, having the power to establish the courts, must define their respective jurisdiction"); *id.* at 449 ("[H]aving a right to prescribe, Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies."); *see Keene v. United States*, 508 U.S. 200, 207 (1993).

Congress has exercised this power to channel judicial review of certain agency actions to specified lower federal courts. The Administrative Procedure Act confirms this fact when it commands that "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter *in a court specified by statute* or, in the absence or inadequacy thereof, any applicable form of legal action . . . in a court of competent jurisdiction." 5 U.S.C. § 703 (emphasis added). Congress has made different choices in different contexts about the channeling of judicial review of agency action. *Compare*, *e.g.*, 42 U.S.C.

§ 7607(b)(1) (providing for review of certain Environmental Protection Agency decisions "only in the United States Court of Appeals for the District of Columbia") *with*, *e.g.*, 15 U.S.C. § 45(c) (providing for review of certain Federal Trade Commission orders "within any circuit where the method of competition or the act or practice in question was used or where such person, partnership, or corporation resides or carries on business").

While there is a "strong presumption that Congress intends judicial review of administrative action," *Bowen v. Michigan Acad. of Family Physicians*, 476 U.S. 667, 670 (1986), that review may be exclusively routed to a specified court of appeals. Where Congress has provided for decision by an administrative body followed by appellate review in a court of appeals, we must ask whether it is "'fairly discernible in the statutory scheme'" that Congress has "precluded district court jurisdiction." *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994) (quoting *Block v. Community Nutrition Institute*, 467 U.S. 340, 351 (1984)). To make that determination, we assess "the statute's language, structure, and purpose, its legislative history, . . . and whether the claims can be afforded meaningful review." *Id.*

In *Elgin v. Department of Treasury*, the Supreme Court considered whether the Civil Service Reform Act (CSRA) precludes district court review of an agency's final adverse action. 567 U.S. 1, 6 (2012). When an agency takes a final adverse action against an employee, the employee is "entitled to appeal to the Merit Systems Protection Board." 5 U.S.C. § 7513(d). In turn, the CSRA gives our court "exclusive jurisdiction" of, among other things, "an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9); *see also* 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."). Interpreting these provisions

together, the Supreme Court determined that "extrastatutory review is not available to those employees to whom the CSRA grants administrative and judicial review." *Elgin*, 567 U.S. at 11. The Court summarized the CSRA's procedural protections and explained that "[g]iven the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court." *Id.* at 11–12.

We draw a comparable conclusion about the exclusivity of appeal to this court as the mechanism for judicial review of Personal Audio's challenge to the final written decision of the Board in the IPR here. Congress has provided that a "party dissatisfied with the final written decision . . . under section 318(a) may appeal the decision pursuant to sections 141 through 144." 35 U.S.C. § 319. Under section 141(c), a "party to an inter partes review . . . who is dissatisfied with the final written decision of the [Board] under section 318(a) . . . may appeal the Board's decision *only* to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141(c) (emphasis added). Sections 142–144 detail how this appeal must proceed, with each provision expressly referring to this court only. 35 U.S.C. § 142 ("When an appeal is taken to the United States Court of Appeals for the Federal Circuit, the appellant shall file . . . a written notice of appeal" within a prescribed time . . . ."); *id.* § 143 (providing that "the Director shall transmit to the United States Court of Appeals for the Federal Circuit a certified list of the documents comprising the record" and "shall have the right to intervene in an appeal"); *id.* § 144 ("The United States Court of Appeals for the Federal Circuit shall review the decision . . . [and] [u]pon its determination the court shall issue . . . its mandate and opinion . . . ."). Finally, Congress has expressly given this court "*exclusive* jurisdiction" to hear "an appeal from a decision of . . . the

[Board] with respect to a[n] . . . inter partes review under title 35." 28 U.S.C. § 1295(a)(4)(A) (emphasis added).

Those provisions make it more than "fairly discernible," *Elgin*, 567 U.S. at 10, that judicial review of the lawfulness of the Board's final written decision here was limited to an appeal to this court under the just-recited provisions. That is enough in a case like this, where Congress has provided an adequate channel for review rather than foreclosed judicial review altogether or of particular constitutional or other claims. *See id.* at 8–10. As described above, Personal Audio took such an appeal, and there is no basis for any conclusion that the opportunity provided in that appeal was inadequate for the assertion and adjudication of any properly preserved challenge to the final written decision as unlawful. We conclude that Congress's affirmative grant of an exclusive, direct-review procedure for final written decisions deprives the district court of jurisdiction to hear Personal Audio's collateral attack on the final written decision in this case.

B

Personal Audio also challenges the district court's holding that the necessary consequence of the affirmed final written decision was termination of this case in favor of CBS. This challenge is not to the final written decision, but to the application of the decision, once affirmed, to dispose of the patent infringement and invalidity assertions in this case—and, now, to the application of the PTO's ministerial cancellation of the claims at issue a week after the district court's judgment was entered. This challenge was not jurisdictionally foreclosed to the district court by the exclusive review scheme we have discussed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) to hear Personal Audio's appeal on this point.

Personal Audio, however, forfeited any argument that our existing precedent is not determinative against it. In the status report submitted to the district court, Personal

Audio made no argument at all for distinguishing this case from the cases in which we held that district court actions had to terminate when a Board unpatentability ruling as to the relevant patent claims was affirmed on appeal. *See, e.g.*, *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018); *Dow Chemical Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 628 (Fed. Cir. 2015); *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1358 (Fed. Cir. 2015); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013). To the contrary, in the joint status report, Personal Audio agreed that "current authority supports rendering a judgment in favor of the Defendant CBS" and that "there is no current precedent for doing otherwise at this time." J.A. 423.

The panel lacks authority to reconsider the precedent that Personal Audio agrees was adverse and controlling. Only the en banc court may reconsider this precedent within this court. We therefore affirm the district court's judgment.

## III

The judgment of the district court is affirmed.

**AFFIRMED**