NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**LAKSHMI ARUNACHALAM,**
*Plaintiff-Appellant*

**v.**

**PRESIDIO BANK,**
*Defendant-Appellee*

_____

2019-1223

_____

Appeal from the United States District Court for the Northern District of California in No. 3:12-cv-04962-TSH, Magistrate Judge Thomas S. Hixson.

-------------------------------------------------------------------

**SAP AMERICA, INC.,**
*Plaintiff-Appellee*

**v.**

**LAKSHMI ARUNACHALAM,**
*Defendant-Appellant*

_____

2019-1794

_____

Appeal from the United States District Court for the Northern District of California in No. 4:13-cv-01248-PJH, Judge Phyllis J. Hamilton.

———————————

Decided:  February 13, 2020

———————————

LAKSHMI ARUNACHALAM, Menlo Park, CA, pro se.

CANDICE C. DECAIRE, Kilpatrick Townsend & Stockton LLP, Seattle, WA, for defendant-appellee in 2019-1223. Also represented by ANDREW JAMES ISBESTER, San Francisco, CA.

THARAN GREGORY LANIER, Jones Day, Palo Alto, CA, for plaintiff-appellee in 2019-1794.    Also represented by JOSEPH BEAUCHAMP, Houston, TX.

———————————

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Dr. Lakshmi Arunachalam, proceeding pro se, appeals two decisions from the U.S. District Court for the Northern District of California.  The first relates to a patent infringement suit filed by Dr. Arunachalam against Presidio Bank. The second relates to a declaratory judgment action filed by SAP America, Inc.  Both decisions concluded that Dr. Arunachalam was collaterally estopped from asserting the patents in question because many of the patent claims already had been invalidated in prior cases, and the remaining claims all suffered from the same defect that led to the invalidity of the previously litigated claims.  *See Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, 42 F. Supp. 3d 579 (D. Del. 2014); *SAP Am. Inc. v. Arunachalam*, No. IPR2013-00194 (PTAB Sept. 18, 2014); *SAP Am. Inc. v. Arunachalam*, IPR2013-00195 (PTAB Sept. 18, 2014); *SAP Am. Inc.*

*v. Arunachalam*, No. CBM2013-00013 (PTAB Sept. 18, 2014); and *SAP Am. Inc. v. Arunachalam*, No. CBM2014-00018 (PTAB Mar. 6, 2015).  Because the decisions apply collateral estoppel for the same reasons, we address both cases together.  For the reasons explained below, we *affirm*.

## I. Procedural History

Dr. Arunachalam's case against Presidio Bank asserted patent infringement of numerous claims of U.S. Patent Nos. 5,987,500 (the '500 patent) and 8,108,492 (the '492 patent).  SAP's case requested declaratory judgment of non-infringement of all claims for the '500 patent, the '492 patent, and U.S. Patent No. 8,037,158 (the '158 patent).

While these cases were pending, the U.S. District Court for the District of Delaware in *JPMorgan* invalidated claims 1–6, 10–12, 14–16, and 35 of the '500 patent; claims 1–8 and 10–11 of the '492 patent; and claim 4 of the '158 patent.  *JPMorgan*, 42 F. Supp. 3d 579.  Moreover, in addition to its declaratory judgment action, SAP also filed for inter partes review (IPR) and covered business method (CBM) review of those patents.  The Patent Trial and Appeals Board (the Board) in the IPRs and CBMs entered its decisions after the district court in *JPMorgan* entered its decision.  The Board found claims 1–6, 10–12, 14–17, and 35 of the '500 patent; claims 1–8 and 10–12 of the '492 patent; and claims 1–6 and 9–11 of the '158 patent unpatentable.  Appeal Order, *Arunachalam v. SAP Am. Inc.*, No. 2015-1424 at 4 (Fed. Cir. Sept. 23, 2016).  Dr. Arunachalam appealed the Board's decisions and we dismissed the appeal because Dr. Arunachalam was collaterally estopped from challenging the Board's decision in light of *JPMorgan*.  *Id.* at 7.  In our decision, we held Dr. Arunachalam collaterally estopped from challenging the Board's decision to invalidate claims that were not invalidated in *JPMorgan* because those claims "suffer[ed] from at least one of the same fatal lack-of-enablement flaws" as the claims

invalidated in *JPMorgan*. *Id.* at 5. In other words, because the additional claims suffered from the same invalidating defect as the claims invalidated in *JPMorgan*, we ruled that those additional claims likewise could not survive.

As a result, by the time the district court in the cases on appeal entered its decisions, the only claims not invalidated were claims 7–9, 13, and 18–34 of the '500 patent; claims 9 and 13 of the '492 patent; and claims 7 and 8 of the '158 patent. *See id.* at 3–4. Applying similar reasoning we used in our 2016 *Arunachalam* decision, the district court, in both decisions, held that Dr. Arunachalam was collaterally estopped from asserting all claims of the asserted patents, because the patent claims that had not been previously invalidated in earlier litigation nevertheless suffered from the same invalidating defect as the previously litigated claims.

## II.  DISCUSSION

When reviewing the application of collateral estoppel, we are "generally guided by regional circuit precedent, but we apply our own precedent to those aspects of such a determination that involve substantive issues of patent law." *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). In the Ninth Circuit, "[c]ollateral estoppel applies to a question, issue, or fact when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). "Where a patent has been declared invalid in a proceeding in which the 'patentee has had a full and fair chance to litigate the validity of h[er] patent,' . . . the patentee is collaterally estopped from relitigating the validity of the patent." *Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1376 (Fed. Cir. 1983) (quoting *Blonder-Tongue Labs., Inc. v. Univ. of Ill.*

*Found.*, 402 U.S. 313, 333 (1971)).  Further, "[o]ur precedent does not limit collateral estoppel to patent claims that are identical.  Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood*, 735 F.3d at 1342 (emphasis in original).

To the extent that Dr. Arunachalam challenges the decisions in cases other than the cases directly on appeal here, including *JP Morgan* and the above-referenced Board decisions, Dr. Arunachalam was required to make those challenges in direct appeals from those cases.  *See Pers. Audio, LLC v. CBS Corp.*, 946 F.3d 1348 (Fed. Cir. 2020); *Arunachalam v. Int'l Bus. Machs. Corp.*, 759 F. App'x 927 (Fed. Cir. 2019).  As such, we will not address those challenges here.  *See Pers. Audio*, 946 F.3d 1348; *Int'l Bus. Machs. Corp.*, 759 F. App'x 927.  Regarding Dr. Arunachalam's challenges and motions under *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810), and "prosecution history estoppel" under *Aqua Products, Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017) (en banc), we have previously addressed these arguments, stating that "[t]he Supreme Court in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, — U.S.—, 138 S. Ct. 1365, 1375 & n.2, 1377–78, 200 L. Ed. 2d 671 (2018) rejected several similar constitutional challenges to the *inter partes* review process." *Int'l Bus. Machs. Corp.*, 759 F. App'x at 933.  Dr. Arunachalam has not provided any reason that the same reasoning does not apply to a district court's authority to invalidate a patent.  Accordingly, we reject Dr. Arunachalam's constitutional challenges and deny her motions raising those same constitutional challenges.

As to Dr. Arunachalam's challenges to the district court's decisions on collateral estoppel, we agree with the district court that Dr. Arunachalam was collaterally estopped from asserting all claims under the '500, '492, and '158 patents.  First, we hold that Dr. Arunachalam continues to be collaterally estopped from challenging the

invalidity of the claims held invalid in *JPMorgan* and the Board decisions. Appeal Order, *SAP Am. Inc.*, No. 2015-1424.

We next turn to the claims that were not addressed in the prior proceedings, which are claims 7–9, 13, and 18–34 of the '500 patent; claims 9 and 13 of the '492 patent; and claims 7 and 8 of the '158 patent. *See* Appeal Order, *SAP Am. Inc.*, No. 2015-1424, at 3–4.

As to the first condition for applying collateral estoppel (identical issue), we find that the remaining claims in the '500, '492, and '158 patents all rely on at least one of the claim terms found indefinite, not enabled, or failing written description by *JPMorgan* and that these remaining claims do not significantly alter the analysis of those terms. Claims 7–9, 13, and 18 of the '500 patent; claims 9 and 13 of the '492 patent; and claims 7 and 8 of the '158 patent are all dependent on previously invalidated independent claims and do not cure the deficiencies identified in the prior cases. *See* Appeal Order, *SAP Am. Inc.*, No. 2015-1424. Independent claims 19 and 27 of the '500 patent warrant closer analysis. These claims are directed to a "method of enabling object routing on a network" and "[a]n object router on a network." In *JPMorgan*, the district court found several claims in the patents lacked enablement because "the specification does not actually define, in language that would allow a person of ordinary skill in the art to make and use the invention, what a 'VAN switch' is and how it accomplishes 'object routing' or real-time transactions." *JPMorgan*, 42 F. Supp. at 592. The district court also found that "[t]he specification offers no explanation or information on any software programs." *Id.* at 593. As such, the district court found that the term "object routing," like "VAN switch," was not enabled. *Id.* at 592–93. For claims 19 and 27, none of the claimed steps therein describe what object routing is or how it is accomplished. Thus, the limitations recited in these claims do not cure the lack of enablement identified in *JPMorgan*. Because

claims 20–26 and 28–34 of the '500 patent are dependent on either claim 19 or 27 and do not cure the deficiencies in the enablement of "object routing," they likewise fail for the same reason.  Thus, the same issues are at stake in these litigations.

Regarding the second condition for collateral estoppel, whether the issues were previously litigated and decided, it is beyond dispute that the claim terms addressed in *JPMorgan* were previously litigated and finally decided. The third condition is whether Dr. Arunachalam was given a full and fair opportunity to litigate the issues.  Dr. Arunachalam was represented by counsel in the motions for summary judgment in *JPMorgan*.  We find this proceeding to be a full and fair opportunity to litigate the issues.  Finally, for the fourth condition, the claim terms addressed in *JPMorgan* were determinative in the invalidity analysis. Thus, the issue of the validity of the remaining claims of the '500, '492, and '158 patents satisfies all four collateral estoppel conditions, and we find Dr. Arunachalam collaterally estopped from asserting these patents in the cases on appeal.

## CONCLUSION

We have considered the rest of Dr. Arunachalam's arguments, including her requests to disqualify opposing counsel, and find them too skeletal and unpersuasive.  Accordingly, we affirm the district courts' decisions that Dr. Arunachalam was collaterally estopped from asserting the '500, '492, and '158 patents.  We have also considered Dr. Arunachalam's remaining motions and deny those motions.

## **AFFIRMED**