NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAKSHMI ARUNACHALAM,**

*Plaintiff-Appellant*

v.

**APPLE, INC., SAMSUNG ELECTRONICS AMERICA, INC., FACEBOOK, INC., ALPHABET INC., MICROSOFT CORPORATION, INTERNATIONAL BUSINESS MACHINES CORPORATION, SAP AMERICA, INC., JPMORGAN CHASE & CO., FISERV, INC., WELLS FARGO BANK, N.A., CITIGROUP, INC., CITIBANK, N.A., FULTON FINANCIAL CORPORATION, ECLIPSE FOUNDATION, INC.,**

*Defendants-Appellees*

---

2019-1251

---

Appeal from the United States District Court for the Northern District of California in No. 5:18-cv-01250-EJD, Judge Edward J. Davila.

---

Decided: February 13, 2020

---

LAKSHMI ARUNACHALAM, Menlo Park, CA, pro se.

BRIAN E. FERGUSON, Weil, Gotshal & Manges LLP, Washington, DC, for defendant-appellee Apple, Inc.  Also represented by ROBERT T. VLASIS, III.

PHILIP A. IRWIN, Covington & Burling LLP, New York, NY, for defendant-appellee Samsung Electronics America, Inc.

HEIDI LYN KEEFE, Cooley LLP, Palo Alto, CA, for defendant-appellee Facebook, Inc.

RYAN R. SMITH, Wilson, Sonsini, Goodrich & Rosati, PC, Palo Alto, CA, for defendant-appellee Alphabet Inc.

KRISTIN L. CLEVELAND, Klarquist Sparkman, LLP, Portland, OR, for defendant-appellee Microsoft Corporation.

KEVIN J. CULLIGAN, Maynard, Cooper & Gale, PC, New York, NY, for defendant-appellee International Business Machines Corporation.  Also represented by MARK J. ABATE, Goodwin Procter LLP, New York, NY.

THARAN GREGORY LANIER, Jones Day, Palo Alto, CA, for defendant-appellee SAP America, Inc.  Also represented by JOSEPH BEAUCHAMP, Houston, TX.

DOUGLAS R. NEMEC, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for defendant-appellee JPMorgan Chase & Co.  Also represented by EDWARD TULIN; JAMES Y. PAK, Palo Alto, CA.

RAMSEY M. AL-SALAM, Perkins Coie, LLP, Seattle, WA, for defendant-appellee Fiserv, Inc.

DAVID SPENCER BLOCH, Greenberg Traurig, LLP, San Francisco, CA, for defendants-appellees Wells Fargo Bank, N.A., Fulton Financial Corporation.

ERIC SOPHIR, Dentons US LLP, Washington, DC, for defendants-appellees Citigroup, Inc., Citibank, N.A. Also represented by NICHOLAS HUNT JACKSON.

BALDASSARE VINTI, Proskauer Rose LLP, New York, NY, for defendant-appellee Eclipse Foundation, Inc. Also represented by FABIO ENRIQUE TARUD.

_____

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Dr. Lakshmi Arunachalam, proceeding pro se, appeals multiple decisions from Judge Davila of the U.S. District Court for the Northern District of California, including his dismissal of a patent infringement claim, dismissal of civil claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), dismissal of a claim of treason, and various other rulings. Dr. Arunachalam also challenges the decisions of other courts or other cases such as the denial of her writ for mandamus by the Ninth Circuit. For the reasons explained below, we *affirm*.

## I.   PROCEDURAL HISTORY

### A.   Complaint

Dr. Arunachalam filed an initial complaint (Complaint) on February 26, 2018. The Complaint was filed against thirteen named defendants, including Apple, Inc., Samsung Electronics America, International Business Machines Corporation, SAP America, Inc., and JPMorgan Chase & Co., as well as unnamed Does 1–100 (collectively, Defendants). The Complaint is over 140 pages long and identifies a host of accusations against not only the named parties, but also numerous others including judges and attorneys involved in Dr. Arunachalam's other cases. Despite the voluminous discussion and plethora of

accusations, the Complaint only listed fourteen counts. The district court grouped these counts as a patent infringement claim (Count I), antitrust claims (Counts II and VIII–XIII), RICO Act claims (Count III), a trade secret misappropriation claim (Count IV), a claim of False Designation of Origin (Count V), claims of fraud regarding various Patent and Trademark Office (PTO) proceedings (Count VI), and claims of treason and obstruction of justice (Counts VII and XIV). *Arunachalam v. Apple Inc.*, No. 5:18-cv-01250-EJD, 2018 WL 5023378, at *2–5 (N.D. Cal. Oct. 16, 2018). The patent infringement claim alleged that the Defendants had infringed Dr. Arunachalam's U.S. Patent No. 7,930,340 (the '340 patent).

### B.   Motion to Dismiss

The Defendants filed for, and were granted, a motion to dismiss the Complaint. The district court first dismissed the Complaint under Federal Rules of Civil Procedure 8 and 41(b), explaining that the Complaint "is confusing, disorganized, and contains legal terminology without setting forth facts showing that she is entitled to relief." *Arunachalam*, 2018 WL 5023378, at *2. Accordingly, the district court held that "dismissal [was] proper under Rule 8." *Id.*

However, the district court provided even further consideration and analyzed the pleadings under Federal Rule of Civil Procedure 12(b)(6). In this analysis, the district court determined that Dr. Arunachalam failed to allege facts sufficient to support the patent infringement claim, antitrust claims, and false designation of origin claim. The district court also dismissed the RICO and fraud claims as barred by the four-year statute of limitations because "[t]he only purported evidence of the conspiracy is the 'Common Public License Agreement Version 0.5,' which is dated August 29, 2002, and publicly available code from 2002. Plaintiff either knew or should have known of this evidence as early as 2002." *Id.* at *4. The district court also

dismissed Dr. Arunachalam's trade secret claim with prejudice because it was barred by the three-year statute of limitations and because Dr. Arunachalam failed to allege that a trade secret existed or that she had taken steps to keep it a secret. *Id.* Finally, the district court dismissed the claims of treason and obstruction of justice for lack of standing because there is no private cause of action for treason or obstruction of justice. *Id.* at *5.

The district court dismissed Dr. Arunachalam's patent infringement claim, antitrust claims, and false designation of origin claim without prejudice and dismissed her remaining claims with prejudice. The district court gave Dr. Arunachalam leave to file an amended complaint that amended the claims dismissed without prejudice in compliance with Rules 8 and 12 and that removed the claims dismissed with prejudice. The district court warned Dr. Arunachalam in no uncertain terms that "[f]ailure to file and serve an amended complaint in accordance with this Order will result in dismissal of the action with prejudice pursuant to Rules 8 and 41(b)." *Id.* at *6.

Dr. Arunachalam then filed an amended complaint that included all original fourteen counts. In fact, the amended complaint was mostly unchanged except that it added allegations, but no specific counts, against Judge Davila, claiming that he also participated in various conspiracies against Dr. Arunachalam.

The district court then dismissed Dr. Arunachalam's case with prejudice for failure to comply with its previous order under Rule 8 and 41(b). This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Dismissal Under Rules 8 and 41(b)

We apply the law of the regional circuit when reviewing a motion to dismiss. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). The Ninth Circuit

reviews motions to dismiss under Rule 41(b) for failure to comply with Rule 8 for abuse of discretion. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011). Pleadings made by pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 41(b) allows a district court to dismiss a case for failure to follow the court's order. FED. R. CIV. P. 8, 41(b).

As the district court correctly found, Dr. Arunachalam's "robust 144-page complaint is confusing, disorganized, and contains legal terminology without setting forth facts showing that she is entitled to relief." *Arunachalam*, 2018 WL 5023378, at *2. The Complaint describes alleged conspiracies that have been perpetrated by numerous companies and members of the judiciary, the legislature, the PTO, and the bar. Yet no facts are presented to support these allegations other than Dr. Arunachalam's assertions that it is so. Under the circumstances, the district court was justified in dismissing the Complaint under Rule 8. *See Cafasso*, 637 F.3d at 1058–59; *Hearns*, 530 F.3d at 1130–31.

When the district court dismissed the Complaint for failure to follow Rule 8, the district court specifically warned Dr. Arunachalam that failure to follow the court's order would result in dismissal of the case. *Id.* at *6. But rather than follow the district court's instructions, Dr. Arunachalam used her amended complaint to levy additional attacks against Judge Davila, who was not a named party in the action.

On appeal, Dr. Arunachalam has not attempted to identify any error by the district court, instead making vague statements about a "non-existent manufactured

Rule 8 and 41 falsity." Appellant's Opening Br. 2. Dr. Arunachalam, though pro se, is required to follow the Federal Rules of Civil Procedure the same as every other party that litigates in the federal courts. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). We do not see any error in the district court's thorough evaluation of the Complaint or its decision to dismiss the Complaint in view of Dr. Arunachalam's failure to comply with the court's instructions.

## B.   Dismissal Under Rule 12(b)(6)

We also review the district court's dismissal based on Rule 12(b)(6). We review a district court's "order granting a motion to dismiss for failure to state a claim . . . under the applicable law of the regional circuit." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013) (quoting *R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)). The Ninth Circuit reviews a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017). Again, pleadings made by pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A motion to dismiss may only be granted if the court, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). However, Dr. Arunachalam's obligation "to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

### 1.   Failure to Allege Facts

As described above, the patent infringement claim, antitrust claims, and false designation of origin claim were

initially dismissed without prejudice because they failed to allege facts that supported the cause of action.

Dr. Arunachalam's patent infringement allegations accuse several companies relating to the companies' app distribution platforms, such as Apple's App Store. It is not clear whether Dr. Arunachalam was alleging that these platforms merely sell infringing apps or if the platforms themselves infringe the '340 patent. Regardless, the Complaint never identified even a single specific app, nor did it specifically allege how such an app (or platform) actually infringes the '340 patent. Such overly broad allegations are insufficient to survive a motion to dismiss.

For similar reasons, dismissal of any remaining patent infringement allegations, and the remaining counts dismissed without prejudice, lack factual support in the Complaint. As such, these counts fail to meet the requirements for Rule 12(b)(6) and the Supreme Court's standard in *Twombly*. *See* 550 U.S. 544.

### 2.    Other Allegations

The district court also dismissed some of the counts with prejudice. For the RICO and fraud claims, the district court was correct in noting that Dr. Arunachalam's claim was barred by the four-year statute of limitations based on the fact that the accused conduct occurred in 2002. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 365 (9th Cir. 2005). For the trade secret claims, we also agree with the district court that the statute of limitations bars the claims because the accused conduct occurred in 2002, and because Dr. Arunachalam failed to allege that a trade secret existed or that she took steps to keep it a secret. Cal. Civ. Code § 3426.6; *see Ultimax Cement Mfg. Corp. v. CTS Cement Mfg., Corp.*, 587 F.3d 1339, 1355 (Fed. Cir. 2009). Regarding the treason and obstruction of justice claims, the district court correctly determined that Dr. Arunachalam does not have standing to bring these claims. *Laine v. City of Livermore*, 695 F. App'x 260, 261 (9th Cir.

2017) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *McDonald v. Coyle*, 175 F. App'x 947, 949 (10th Cir. 2006); *Chapman v. Chronicle*, No. 4:07-cv-04775-SBA, 2009 WL 102821, at \*4 (N.D. Cal. Jan. 14, 2009); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

As such, we also affirm the district court's dismissal of the Complaint based on Rule 12(b)(6).

## CONCLUSION

We have considered the rest of Dr. Arunachalam's arguments and find them unpersuasive.[1] Accordingly, we affirm the district court's dismissal of the claims and all other district court rulings challenged by Dr. Arunachalam in this appeal. We also acknowledge that Dr. Arunachalam has attempted to appeal the Ninth Circuit's denial of her writ for mandamus, but we do not have the authority to review that decision. We have also considered Dr. Arunachalam's remaining motions and deny those motions.

---

[1]    We further note that Dr. Arunachalam's challenges under *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810), and *Aqua Products, Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017), are not within the scope of this appeal because the validity of the '340 patent was not addressed by the district court. Moreover, we have previously rejected these constitutional challenges. *Arunachalam v. Int'l Bus. Machs. Corp.*, 759 F. App'x 927, 932–33 (Fed. Cir. 2019). We also decline to reach Dr. Arunachalam's arguments on the merits of unrelated cases, which are not properly on appeal before us. *See Pers. Audio, LLC v. CBS Corp.*, 946 F.3d 1348 (Fed. Cir. 2020); *Int'l Bus. Machs. Corp.*, 759 F. App'x at 932–33.

10                                          ARUNACHALAM v. APPLE, INC.

**AFFIRMED**